O. K. HOUCK PIANO COMPANY v. PRIMM.

Opinion delivered March 9, 1914.

APPEAL AND ERROR—BILL OF EXCEPTIONS—AGREEMENT OF COUNSEL.—Under General Acts 1911, p. 192, which provides a bill of exceptions shall first be agreed upon by counsel for the respective parties, and then filed with the clerk and become a part of the record, is not complied with when the parties agree upon the bill of exceptions after the clerk has made his transcript and fixed his certificate thereto.

Appeal from Montgomery Circuit Court; *Calvin T. Cotham,* Judge; affirmed.

*O. D. Longstreth,* for appellant.

*Milton B. Rose,* for appellee.

There is no proper bill of exceptions. The purported bill of exceptions is not authenticated by the signature of the trial judge, neither is its correctness attested by the parties by endorsement thereon as provided by law. Acts 1911, p. 192. An attempted attestation by the attorneys, not endorsed upon the bill of exceptions and at a later date than the clerk's authentication of the transscript, is not a compliance with the act.

*O. D. Longstreth,* for appellant in reply.

"Where parties to an action agree in writing * * * signed by one or more of counsel of record," etc. Acts 1911, p. 192. This was done in due form and time. The bill of exceptions was properly certified.

HART, J. This is a suit in replevin commenced before a justice of the peace by the O. K. Houck Piano Company against H. F. Primm to recover the possession of a piano. The case was appealed to the circuit court, and was there tried before a jury upon oral evidence. The jury returned a verdict for the defendant, and from the judgment rendered the plaintiff has duly prosecuted an appeal to this court.

Counsel for plaintiff say that the O. K. Houck Piano Company sold the piano to the defendant and retained title in itself until the purchase money was paid; that the contract was in writing and provided for the payment of the purchase price in monthly installments; that the defendant failed to meet some of the installments for the purchase money, and that the plaintiff instituted this suit to recover the piano under the contract. Counsel contend that, under the undisputed testimony, a verdict should have been rendered for the plaintiff.

It is insisted by counsel for defendant that the transscript does not contain a bill of exceptions, and that for this reason the judgment should be affirmed.

The record shows that the case was tried before a jury, on oral testimony, at the August term, 1913, of the Montgomery Circuit Court; that the jury returned a verdict for the defendant, and that judgment was rendered

on the verdict in favor of the defendant; that the plaintiff filed a motion for a new trial, which was overruled by the court, and that it was given ninety days in which to prepare and file its bill of exceptions. The transcript contains what purports to be a bill of exceptions, but the purported bill of exceptions is not signed or approved by the circuit judge, nor is there endorsed thereon an agreement, signed by counsel, that it is a correct bill of exceptions. The transcript shows the following certificate by the clerk of the circuit court:

"I, G. H. Speer, Jr., clerk of the circuit court in and for the county of Montgomery and State of Arkansas, do hereby certify that the foregoing is a true and perfect transcript of the papers and proceedings had in the above styled case as the same appears on file and on record now in my office."

The clerk's certificate is dated September 17, 1913. Following the certificate of the clerk is an agreement between counsel for the respective parties. This agreement was signed after the date of the clerk's certificate to the transcript, and is as follows:

"We, Isaac L. Awtrey, attorney of record, and O. D. Longstreth, as attorneys for plaintiff, and W. E. Hopper, attorney of record for defendant, hereby agree and state that the annexed attached and foregoing transcript, consisting of eighteen pages and an index page certified by G. H. Speer, is a complete, true, and correct transcript of all the evidence, bill of exceptions, motions and records, made and had in the above entitled case, as set out in the transcript, agreed to and signed by the attorneys of record for the purpose of permitting an appeal to the Supreme Court of Arkansas."

Section 1 of an act of the General Assembly approved April 28, 1911, is as follows:

"In all cases, except indictments charging a felony, where the parties to an action agree in writing upon the correctness of a bill of exceptions by endorsement thereon, signed by one or more counsel of record of the respective parties, it shall be the duty of the clerk of the

court, in which the case is pending, to at once file such agreed bill of exceptions, and the same shall become a part of the record as fully, completely and effectively as though approved, signed and ordered filed by order of the court or judge trying the cause.'' General Acts of 1911, page 192.

It will be noted from the section of the act just quoted that it contemplates that the parties to the suit may agree upon a bill of exceptions when the correctness of the bill of exceptions is attested by counsel for the respective parties, and endorsed on the bill.

This was not done in the case at bar. The agreement was made by counsel after the clerk had made his certificate to the transcript, and to the purported bill of exceptions copied therein. There is nothing in the transcript to show that the agreement between the attorneys should even be considered a part of the transcript, for the agreement is made on a date later than that of the clerk's certificate to the transcript.

The act approved April 28, 1911, does not contemplate that the parties may agree upon a bill of exceptions after the clerk has made the transcript and fixed his certificate thereto. It contemplates that the bill of exceptions shall first be agreed upon by counsel for the respective parties, and that then the agreed bill of exceptions should be filed by the clerk and thus become part of the record in the case.

The act was not complied with in the instant case, and, inasmuch as the assignments of error urged for the reversal of the judgment are as to matters which could only be presented for review by a bill of exceptions, the judgment must be affirmed, and it is so ordered.