## DAVIS *v.* JERNIGAN.

Opinion delivered October 17, 1903.

1. DEED—CONSIDERATION—PAROL EVIDENCE.—Where a deed recites a valuable consideration, parol evidence is inadmissible to prove that there was no such consideration. (Page 496.)

2. TRUST—REVERSION.—Where a warranty deed reciting a valuable consideration stated that the grantees were to hold the land for the purpose of erecting and maintaining an institution of learning thereon, the land does not revert to the grantor on failure of the grantees to maintain such institution. (Page 497.)

Appeal from Boone Circuit Court in Chancery.

ELBRIDGE G. MITCHELL, Judge.

Reversed.

*W. F. Pace* and *Frank Pace,* for appellants.

Parol evidence will not be admitted to prove that the consideration in the deed was never paid, for the purpose of invalidating the deed. Tied. Real Prop. § 801; Perry, Trusts, §§ 162, 95. A devise of real estate to an unincorporated society for charitable uses is valid. 9 Metc., 280; 4 Metc., 379. Courts will not construe an estate to be upon condition if the language of the deed will admit of any other reasonable interpretation. 2 Dev. Deeds, §§ 976, 978, 971. No condition being in the deed, there can be no forfeiture for condition broken. 17 Ark. 483; 21 Ark. 440; 40 Ark. 237; Tied. Real Prop. § 272. The language used does not create a condition. Sand. & H. Dig. § 698; Perry, Trusts, § 162; Dev. Deeds, § 952; 2 Wash. Real Prop. 13. Conditions can not be reserved for the benefit of a third party. Tied. Real Prop. § 277; 21 Wall. 63; 50 Ark. 149; 7 Wall. 290; Wash. Real Prop. 13.

*J. W. Story* and *B. B. Hudgins,* for cross-appellants.

The original plaintiffs have forfeited all rights, and the substituted ones have never acquired any. 17 Ark. 483; Mansf. Dig.

§ 1007; Sand. & H. Dig. § 1397. The Clifford heirs have all the rights which the Jernigans could have. 3 Ark. 18. The Jernigans are estopped to claim the land against the Cliffords. Sand. & H. Dig. § 699; 44 Ark. 458; 41 Ark. 361; 33 Ark. 251.

BATTLE, J. On the 30th day of May, 1876, David B. Jernigan and his wife made and executed a deed in the words and figures following:

"Know all men by these presents, that we, David B. Jernigan, and Virginia Jernigan, his wife, of the county of Boone, in the State of Arkansas, for and in consideration of the sum of five hundred ($500) dollars, and other valuable considerations, have this day granted, bargained and sold, and do hereby grant, bargain, and sell unto Wm. H. Gillam, O. R. Bryant, F. S. Baker, T. B. Ford, E. W. King, R. W. Hammett, L. I. Brune and J. G. Pollard, trustees of the Arkansas Conference Seminary of the M. E. Church, and to their successors in office, the following described parcel or tract of land situate in the aforesaid county and state, that is to say part of," etc., describing it, * * * "containing five acres, more or less. To have and to hold in trust, that the said premises shall be kept and maintained for the purpose of erecting and maintaining an institution of learning thereon subject to the usages and discipline of the M. E. Church within the bounds of the Arkansas Conference, with all the rights, privileges and appurtenances in any way thereunto belonging or appertaining; * * * they, the said David B. Jernigan and Virginia C. Jernigan, hereby covenant to and with the said trustees and their successors in office, for their heirs, executor and administrator, to warrant and defend the title to the premises hereby conveyed against the claim of any person whomsoever.

"Whereof we have hereunto subscribed our names and affixed our seals on this the 30th day of May, 1876.
[Signed]                          "DAVID B. JERNIGAN,
                                  "VIRGINIA C. JERNIGAN."

This deed was acknowledged by the grantors, and was filed for record, in the proper office, on the 5th day of June, 1876.

Immediately after the execution of the deed the grantees took possession of the land, and erected thereon, for school purposes, a house, which was destroyed by fire in 1878. After that they made no other improvements on the land.

On the 24th day of November, 1880, Jernigan and wife, for a valuable consideration, conveyed the land to E. O. Clifford, who

since then died intestate, leaving N. A. Clifford, A. E. Clifford, and four others, his only heirs at law.

On the 27th day of December, 1893, W. T. Farley, J. P. Lowery, Enoch Jones, A. C. Phillips, E. B. Reeder, J. H. Maddox, W. H. Broen, and A. M. Cole, "duly and regularly appointed trustees of the Arkansas Conference Seminary by the Arkansas Conference at its twenty-first regular session, held at Brownscombe Memorial, Fort Smith, Ark., on the 2d, 3d, 4th and 5th days of February, 1893, conveyed the land to certain trustees of the Methodist Episcopal church situate at Harrison, in this state, to have and to hold in trust for the use and benefit of the ministry and members of the Methodist Episcopal Church in the United States of America.

Jernigan died on the 15th of August, 1895, intestate, leaving Virginia C. Jernigan, his widow, and Dan F. Jernigan and seven others his only heirs at law; and his widow has since died.

Parol evidence was adduced at the hearing of this suit to prove that the deed of the 30th of May, 1876, was without consideration and a gift.

The question in the case is, did the grantees in the deed executed by Jernigan and wife on the 30th of May, 1876, or the trustees named in the last-mentioned deed, forfeit the land by the failure to execute the trust expressed in the deed of the 30th of May, 1876, in the following words: "That the said premises shall be kept and maintained for the purpose of erecting and maintaining an institution of learning thereon subject to the usages and discipline of the M. E. Church within the bounds of the Arkansas Conference?" In other words, did the land revert?

The heirs of David B. Jernigan, deceased, and the heirs of E. O. Clifton, deceased, all of whom are parties to this suit, each under their respective ancestor, claim the land, contending that it has reverted to them.

The circuit court held that these words constituted a condition subsequent, and that those holding under the deed of May 30, 1876, forfeited the land by failing to comply with it. Is this decision correct?

The last-mentioned deed shows that Jernigan and his wife conveyed the land in controversy to certain trustees in fee simple, to hold in trust. The consideration of the conveyance is stated in the deed to be $500 and other valuable considerations. This statement is an essential part of the deed, and in consequence of it, in the absence of fraud or mistake, parol evidence is inadmissible to

prove that there was no pecuniary consideration. In some cases, however, it is allowed to show that the amount stated to have been paid was not received, and that it is still due as a debt from the grantee to the grantor; and in actions for breach of covenants in the deed it is admissible, on the part of the plaintiff, to show that the actual consideration was greater than that expressed in the deed, for the purpose of increasing the damages, and on the part of the defendant to show that it was less, for the purpose of diminishing them; but not for the purpose of defeating the deed or a recovery on the covenants. *Barnett* v. *Hughey,* 54 Ark. 195; *Bobb* v. *Bobb,* 89 Mo. 411, 418, 419; *Weiss* v. *Heitkamp,* 127, Mo. 23, 30; 1 Perry, Trusts (5th ed.), §§ 151, 158, 162; 2 Pomeroy's Eq. Jur. (2d ed.), § 1036.

As the deed of Jernigan and wife to the trustees purports upon its face to have been made upon a valuable consideration, there can be no resulting trust to the grantors or their heirs in the event the trust expressed fails or is not executed, for every part and particle of the grantor's estate, legal or equitable, present or prospective, for a valuable consideration, was sold and conveyed, and the grantors covenanted with the grantees to warrant and defend the title to the land against the claims of all persons whomsoever. The estate granted was unclogged with conditions or limitations. There was nothing to revert. The deed imports an intention to benefit the grantees, in the event the trust declared fails. *Kerlin* v. *Campbell,* 15 Pa. St. 500, 506; *Gibson* v. *Armstrong,* 7 B. Mon. 481, 489, 490; and the cases and authorities above cited.

The doctrine maintained on this subject by the authorities is stated by Mr. Pomeroy as follows: "If the instrument is a deed, no extrinsic evidence of the donor's intention is admissible, unless fraud or mistake is alleged and shown. If, therefore, there is in fact no consideration, but the deed recites a pecuniary consideration, even merely nominal, as paid by the grantee, this statement raises a conclusive presumption of an intention that the grantee is to take the beneficial estate, and destroys the possibility of a trust resulting to the grantor, and no extrinsic evidence would be admitted to contradict the recital, and to show that there is in fact no consideration, except in a case of fraud or mistake." 2 Pomeroy, Eq. Jur. (2d ed.) § 1036.

Reversed and remanded, with directions to the court to enter a decree in accordance with this opinion.