WALLACE *v.* MEEKS.

Opinion delivered June 5, 1911.

1. DEED—ACCEPTANCE OF QUITCLAIM DEED AS ASSUMPTION OF DEBT.—Where growing timber was sold subject to a vendor's lien, and the vendee's trustee in bankruptcy sold the interest of the vendee therein at public auction, and the purchaser took a quitclaim deed, he will not be held to have assumed the bankrupt vendee's indebtedness. (Page 353.)

2. ESTOPPEL—PURCHASE OF TIMBER SUBJECT TO VENDOR'S LIEN.—One who purchased at public auction the interest of a bankrupt vendee in certain timber held under several deeds, each reciting a lien for the purchase money of the timber conveyed by it, will not be estopped to contend that the timber conveyed by each deed was subject to a lien only for the unpaid purchase money therein recited, and not for the unpaid purchase money recited in the other deeds, though the vendor announced at the auction sale that he claimed a lien upon all of the timber *en masse* for the purchase money due for all of the timber. (Page 353.)

3. EVIDENCE—CONTRADICTING RECITAL OF CONSIDERATION IN DEED.—While the general rule is that the recital of consideration in a deed may be contradicted by parol, yet where several timber deeds from the same grantor to the same grantee recited separate considerations for the timber conveyed in each and allowed the grantee to cut and remove the timber when the separate sums named were paid, it was not admissible to prove by parol that the timber was in fact sold for a gross sum, for which a lien was reserved upon all the timber. (Page 354.)

Appeal from Dallas Chancery Court; *James M. Barker,* Chancellor; affirmed.

*Richmond & Berger* and *Morris M. Cohn,* for appellant.

1. Where different debts are due from the same party, he must at the time of making a payment declare on what account he pays it; otherwise the creditor may make the appropriation of the payment, and he may exercise this right at any time before settlement. 32 Ark. 645, 665; 2 Jones on Mortgages, (1 ed.), § § 906, 908; 38 Ark. 285, 296; 76 Ark. 534. The right of appropriation can only be exercised by the debtor or creditor. No third party has such right. 2 Wharton on Contracts, § 926. See also 2 Am. & Eng. Enc. of L. (2 ed.), 461 and notes; 47 Ark. 111, 120; 34 Ark. 285; 57 Ark. 595; 30 Ark. 745; 5 Am. & Eng. Ann. Cases, 945; 30 Cyc. 1243; 128 Ia. 54.

2. Parol evidence was admissible to explain the consideration of the deeds. 86 Ark. 309, 315; 82 Ark. 492, 496, 497; 75 Ark. 89, 94; 18 Ark. 65; 34 Am. Dec. 684; 20 *Id.* 690; 63 Ind. 296, 298.

3. Appellees were put on notice of appellant's claim, and they were not innocent purchasers. The rule *caveat emptor* applied to them. 32 Ark. 97, 112; *Id.* 321, 324. And as purchasers at a sale of a trustee in bankruptcy they took subject to all equities against it, whether they knew of them or not. 77 N. C. 134; 83 N. C. 434; 56 Ala. 266. Their deed, being merely a quitclaim for a nominal consideration, was equivalent to notice. 23 Ark. 735; 34 Ark. 590; 49 Ark. 207; 50 Ark. 322; 97 N. C. 367.

4. One who buys an equity of redemption at a judicial sale, or subject to lien, is estopped to question the lien of the lien holder. 63 Ark. 268; 59 Ark. 280; 8 Wall. 292; 30 N. H. (10 Foster) 154; 26 N. Y. 495; 46 Conn. 9; 115 U. S. 439; 77 N. C. 115; 56 Pa. St. 51; 67 Pa. St. 326; 16 Serg. & R. 318; 173 N. Y. 591; 46 Mich. 558.

*Gaughan & Sifford,* for appellees.

The burden of proof to show that a purchaser at a sale had notice is on him who relies on the notice to defeat the claim of a *bona fide* purchaser. 84 Ark. 10. The plaintiff can claim no lien on the timber other than that shown by the two deeds conveying same to the Leola Lumber Company, even as against that company itself; and he cannot defeat the purpose of the deeds nor obtain their cancellation or reformation because he mistook the legal meaning and effect of the whole, or any, of their provisions. 46 Ark. 167. When an instrument in writing is clear and unambiguous, parol testimony is not admissible to vary or contradict its terms. 66 Ark. 399; Martindale on Conveyancing § 5; 83 Ark. 163; 80 Ark. 509; 45 Ark. 187.

McCULLOCH, C. J. Appellant, W. M. Wallace, was the owner of 813 acres of timber lands in Dallas County, Arkansas, and on July 27, 1907, sold and conveyed the standing timber on said lands to the Leola Lumber Company, a domestic corporation. He executed to said grantee one deed conveying

the timber on ˙334½ acres of the land for a cash consideration of $1,645 and two notes of even date each for a like sum, due and payable five and three months respectively from date, making $4,935 the total consideration expressed in the deed. On the same day he executed to said grantee another deed conveying the timber on 160 acres of the land for a cash consideration of $787 and two notes of even date each for a like sum, due and payable five and eleven months respectively from date, making $2,361 the total consideration expressed in that deed. He also executed on the same day to said grantee another deed conveying the timber on 318½ acres of the land for a cash consideration of $1,586 and two notes of even date each for a like sum, due and payable five and three months respectively from date, making $4,758 the ˙total consideration expressed in that deed.

The two first named deeds each contained a stipulation in the following words: "No timber specified in this deed to be cut until paid in full." The third deed contained a stipulation in the following words: "It is agreed that the Leola Lumber Company has the right to immediately enter upon the 38½ acres in section 20, township 7 south, range 15 west, containing 40 acres. No other timber specified in this deed to be cut until paid for in full."

The deeds will be hereinafter referred to as deeds number one, two and three respectively.

Certain payments were made to appellant by the Leola Lumber Company which were credited on the notes referred to in deeds number one and two, and which reduced the aggregate amount of unpaid balance on those notes to the sum of $1,500.15. Said company also paid the sum of $500, which was credited by appellant on one of the notes referred to in deed number three, leaving an unpaid balance of $2,568 due on the two notes referred to in that deed at the time of the institution of this action.

The Leola Lumber Company then became insolvent, and was adjudged to be bankrupt, and its property was delivered to a trustee in bankruptcy. The property was sold by the trustee at public auction, and appellees purchased at said sale for a nominal consideration the rights of the bankrupt in said

timber deeds, accepting from said trustee a quitclaim conveying all of the right, title and interest of the Leola Lumber Company in and to the timber described in said deeds. At the sale public notice was given that appellant claimed a lien as vendor on the standing timber described in said deeds for the sum of $4,000 balance unpaid on said notes.

Appellees subsequently paid to appellant the sum of $1,500.15 in satisfaction of the balance on the notes described in deeds number one and two, which were then surrendered to them, but they declined to pay the amount of the unpaid balance due on the notes described in deed number three. All of the notes were sent for collection to a bank in Little Rock where the aforesaid payments were made by appellees.

After appellant learned of the refusal of appellees to pay the other notes, he asserted a lien on all of the timber described in the three deeds for the amount of the unpaid notes, and instituted this action in the chancery court of Dallas County to enforce his lien and to restrain appellees from cutting timber until the full amount shall be paid. The chancellor decreed a lien on the timber described in deed number three, but dismissed the complaint as to the timber described in the other deeds.

Appellees did not, by their purchase of the interest of the original grantee, obligate themselves to pay the consideration named in the several deeds. Their acceptance of a quitclaim deed, subject to appellant's lien, did not imply a promise to pay the debt. *Patton* v. *Adkins,* 42 Ark. 199; *J. H. Magill Lumber Co.* v. *Lane-White Lumber Co.,* 90 Ark. 426. Nor were they estopped to dispute the lien on account of the notice given by appellant's assertion of a lien for $4,000 on the timber. They were not innocent purchasers, according to the testimony, but by their purchase and acceptance of the deed they were placed in the shoes of the original grantee, and had the right to free the several pieces of purchased property from the lien which rested on it, by paying the debt which constituted the subject of the lien. There being no promise, either express or implied, to pay the debt, they were not bound to discharge the lien on the timber described in deed number three because of their election to discharge the lien on the timber described in the other two deeds.

The basis, however, of appellant's contention is that the sale

of the timber to the Leola Lumber Company was in fact for a gross sum, and that it was divided for convenience into three deeds, the gross consideration being likewise arbitrarily divided as expressed in the several deeds. He introduced oral testimony tending to establish those facts, and his counsel insist that no rule of evidence would be violated in admitting parol testimony to prove, for the purpose of establishing a lien against a subsequent purchaser with notice, that the sum expressed in all of the deeds formed the consideration for the sale, *en masse,* of all the timber described in the deeds. They invoke the rule, established by decisions of this court, that the recitals of a deed may be varied by parol. proof of other considerations not expressed therein. *Vaugine* v. *Taylor,* 18 Ark. 65; *Barnett* v. *Hughey,* 54 Ark. 195; *Kelly* v. *Carter,* 55 Ark. 112; *Busch* v. *Hart,* 62 Ark. 330; *St. Louis & N. A. Rd. Co.* v. *Crandell,* 75 Ark. 89; *J. H. Magill Lbr. Co.* v. *Lane-White Lbr. Co., supra; St. Louis, I. M. & S. Ry. Co.* v. *Berry,* 86 Ark. 309. This rule is, however, subject to the qualification that the terms of the writing cannot be contradicted by parol evidence. *Busch* v. *Hart, supra; J. H. Magill Lbr. Co.* v. *Lane-White Lbr. Co., supra;* 4. Wigmore on Ev. § 2433; *Baum* v. *Lynn,* 72 Miss. 932; *Arnold* v. *Arnold,* 137 Cal. 291; *Hendrick* v. *Crowley,* 31 Cal. 472; *Parker* v. *Morrill,* 98 N. C. 232.

The opinion of Chief Justice Cooper of the Mississippi Supreme Court in *Baum* v. *Lynn, supra,* is very instructive, and he there sums up the correct rule on this subject, as follows:

"Whenever in a deed the consideration, or an admission of its receipt, is stated merely as a fact, that part of the deed is received as a receipt would be, and the statement is subject to be varied, modified and explained; but if the stated consideration is in the nature of a contract, that is, if by it a right is vested, created or extinguished, the terms of the contract thereby evidenced may not be varied by parol proof, but the writing is its sole exponent."

We find the rule and its exception very concisely and properly stated in the case of *Hendrick* v. *Crowley, supra,* as follows: "There is no doubt but that parol evidence is admissible for the purpose of contradicting or showing that the true consideration is other and different from that expressed in the written instru-

ment.   But this is not the rule, but an exception to the rule, that
the legal effect of a written instrument cannot be varied or de-
feated in whole or in part by parol evidence.   The exception can
never be allowed to override the rule, for that would be to dis-
pense with the rule entirely and preserve the exception.   The
exception always loses its governing force when it comes in con-
flict with the rule which it qualifies, and must yield to its higher
claim.   Hence the consideration cannot be contradicted or shown
to be different from that expressed when thereby the legal opera-
tion of the instrument to pass the entire interest according to the
purpose therein designated would be defeated."

Now, the proof in this case which appellant relies on does
not tend merely to enlarge the consideration expressed in the
several deeds, but it goes in contradiction of the terms thereof
in establishing the fact that the consideration was entire for all
of the timber, whereas the deeds express separate considerations
for the timber described in each and allows the grantee to cut
and remove said timber when the separate sums named shall be
paid.

The right to remove the timber on payment of the sum
named in the deed is inconsistent with the assertion of a vendor's
lien for an additional sum, hence parol proof that the considera-
tion for the separate deeds was entire contradicted the terms of
the deed and is inadmissible.   We are therefore of the opinion
that the chancellor reached the correct conclusion in holding with
appellees on this question.

No effort was made to prove a mutual mistake in convey-
ing the timber tracts separately as would justify the court in
decreeing reformation.   Nor is there any proof of fraud in pro-
curing separate deeds, instead of a single deed expressing the
entire consideration.   The proof merely shows that this was done
for convenience, and not through any mistake.   The proof does
not bring the case within the principle announced by this court
in *Lawrence County Bank* v. *Arndt,* 69 Ark. 410, where relief
was given in equity against a mistake of law on account of
reliance by the parties on one side on the representation and supe-
rior knowledge of the other party to the contract.

It is also contended that the payments made by the Leola
Lumber Company were improperly credited by direction of one

of the appellees on the notes referred to in deeds number one and two. The proof is to some extent conflicting as to the circumstances under which the credits were placed on the notes and as to whether or not appellant directed the credits to be placed on those notes, but we conclude that the finding of the chancellor is not against the preponderance of the testimony.

Affirmed.

HART, J., dissents.