## HAMPTON v. HANELINE.

## Opinion delivered October 16, 1916.

1. DEEDS—PECUNIARY CONSIDERATION NAMED—PRESUMPTION.—Where a pecuniary consideration therefor is named in a deed the presumption arises that the grantor has recited the real consideration, and in the absence of testimony tending to show that the pecuniary consideration named in the deed was inserted therein by mutual mistake or by some fraud practiced upon the grantor at the time that he signed the deed, neither the grantor nor those claiming under him can be permitted to question the consideration named in the deed for the purpose of invalidating the same.

2. DEEDS—CONSIDERATION NAMED—FRAUD—PROOF.—If the consideration named in a deed is not the true consideration, and was inserted through fraud or mutual mistake, such fact may be shown to defeat the conveyance.

3. DEEDS—RECITAL OF PECUNIARY CONSIDERATION—PROOF TO DISPUTE.—Where a deed recited a pecuniary consideration, and there was no proof that the same was inserted through fraud or mistake, it is improper for the court to consider other testimony of another, different or additional consideration, adduced for the purpose of defeating the conveyance.

4. DEEDS—TIME OF FILING—NOTICE OF PRIOR DEED.—A second deed to the same land, although filed for record before a former deed, executed by the same grantor, will be invalid as against the first deed, of which the second grantor had knowledge.

Appeal from Greene Chancery Court; *Chas. D. Frierson*, Chancellor; affirmed.

### STATEMENT BY THE COURT.

Appellees instituted this suit against the appellant to recover a certain tract of land in Greene County, Arkansas. They sued as the widow and children of L. E. Penny. They alleged in their complaint that they had title under a deed from one Amanda Haneline to L. E. Penny, R. L. Haneline and S. P. Haneline, dated February 3, 1897, and filed for record September 27, 1913; that they were entitled to the immediate possession, and prayed judgment for the recovery of the lands, and damages for the unlawful detention of the same.

Appellant answered, denying that appellees had any title or right to the possession of the land described

in their complaint, and set up that their grantor, Amanda Haneline, on March 4, 1913, had conveyed the lands to appellant by warranty deed, and that under said deed appellant entered into possession of the land and holds the same as the owner thereof; that the consideration of the deed under which he claimed title was grantee's (appellant's) promise to live with the grantor, furnish her a home, care, nursing, medical attention, and support for the remainder of her life, and the payment of her funeral expenses, all of which promises as the consideration for the deed had been fully performed by the appellant; that the appellant, in order to make the premises a fit habitation for the grantor and to enable him to perform his promise and pay the consideration named in the deed, had expended of his own money and labor the sum of $315 in improvements on the premises. Appellant further alleged that the pretended deed under which the appellees claimed was null and void; that the real consideration for the deed under which appellees claimed title was the covenant on the part of the grantees, Penny and the two Hanelines, to live with, take care of, and furnish all supplies and medical attention to the grantor during her lifetime, and to pay her doctor bills and funeral expenses at her death; that the grantors fraudulently caused the deed to recite a consideration of $100 instead of the real consideration, which was the covenant upon the part of the grantees to support and care for the grantor; that the grantor signed the deed in the belief that it recited the true consideration; that the grantees moved upon the tract of land in controversy and lived with the grantor, Amanda Haneline, until about the year 1900, at which time they neglected and refused to perform their covenant to support the grantor, and it was then agreed by all parties that the grantees should be released from their covenant to support the grantor and that the deed executed by the grantor to them should be destroyed and the contract abandoned; that all parties believed that by this action the covnants of the deed would be rescinded and the title to

the land be again vested in Amanda Haneline; that this latter agreement was executed by the grantees surrendering possession of the land to the grantor and removing therefrom; that the grantor from thenceforth continued in the sole, exclusive and adverse possession of the lands for about thirteen years, and until March 4, 1913, when she executed the deed under which appellant claims; that the pretended deed under which the appellees claim title was not filed for record until September 27, 1913, long after the death of L. E. Penny, and that none of the grantees ever asserted title thereunder during the lifetime of the grantor. He further alleged that the grantor, in her lifetime, and appellant after her death, had paid all taxes on the land since 1872. He prayed that the complaint be dismissed; that the deed to appellees be cancelled as a cloud on her title, and for all equitable and proper relief.

Appellees replied and denied that Amanda Haneline had acquired title by adverse possession; admitted the execution of the deed under which appellant claimed, but averred that such deed was subsequent to the deed under which appellees claimed title; and alleged that at the time appellant recorded his deed he had actual knowledge of the appellees' deed. They denied that they had perpetrated any fraud upon their grantor; denied that appellant had expended $315, or any other sum of money, for the care and support of Amanda Haneline or for improvements and taxes, as alleged in his cross-complaint, and prayed that the same be dismissed.

The Lipscomb Lumber Company intervened and set up a claim for $71.70 for materials and lumber furnished and used in the construction of the dwelling house on the land in controversy. This claim of the Lumber Company was not disputed.

After hearing the testimony, the court found that on February 3, 1897, Amanda Haneline, then the owner of the lands in controversy, conveyed the same by deed to L. E. Penny, R. L. Haneline and S. P. Hane-

line, and that since said conveyance was made Penny had died, leaving surviving him his widow and children (naming them); that the deed recited a consideration of $100, but that the actual consideration was the care and support of Amanda Haneline during her lifetime; that on March 4, 1913, Amanda Haneline executed a second deed for the land in controversy to W. N. Hampton; that the express consideration in that deed was the care and support of Amanda Haneline during her lifetime, and the payment of her doctor bills and funeral expenses; that the deed last executed to Hampton, was recorded prior to the one made to plaintiffs, but that defendant had actual knowledge of the existence of the deed made to plaintiffs at the time said second deed was made.

The court further found that plaintiffs are entitled to recover the lands, but found that defendant expended some money on improvements while in possession of the land, and that defendant carried out part of the contract undertaken by plaintiffs of caring for Amanda Haneline.

The court found in favor of the defendant for the value of the improvements and defendant's services in the sum of $150, and entered a decree in his favor for such sum, and also, by the consent of all parties, in favor of the intervener for $71.70, and ordered that the lands be sold for the payment of these sums. The court also entered a decree in favor of the plaintiffs for the land in controversy. Defendant appealed from the judgment against him decreeing the title to the lands in controversy in the plaintiffs, and the plaintiffs prayed a cross-appeal from the decree against them for the improvements. Other facts stated in the opinion.

*R. E. L. Johnson* and *Burr & Stewart,* for appellant.

1. The parties agreed to a rescission of the contract and the cancellation of the Penny deed. Possession was surrendered under the agreement to Mrs.

Haneline and that ended the matter except the cancellation of the deed, and that under the evidence should be cancelled by the court.

2. There was no consideration for the deed. Penny's course and conduct—making only temporary repairs and abandoning the premises within three years, shows he had no intention of complying with his covenant to support the grantor and a fraud was perpetrated. 103 Ark. 464. .

3. The action is barred by limitation and adverse possession. 85 Ark. 520; 69 *Id.* 562; 58 *Id.* 142; 84 *Id.* 52.

4. The facts here show such an abandonment of the land accompanied by circumstances of estoppel and limitation as to defeat the action of appellees. 105 Ark. 663, and cases cited.

5. Conveyances upon condition of life-support of grantor are not governed by the law governing conveyances upon expressed condition subsequent, and 50 Ark. 141 and similar cases do not apply. The doctrine of appellant is sustained by the following cases. 174 S. W. 526; 89 Ky. 529; 86 Ark. 169; 101 *Id.* 603; 172 S. W. 853; 86 Ark. 251; 103 *Id.* 464; 104 *Id.* 568: The record abounds with proof both of estoppel and limitation. The acts of appellees in utterly failing to support; in agreeing to destroy the deed, move off and surrender all rights and in actually surrendering possession, etc.; in standing by for 12 years without asserting claim, etc., and thereby inducing appellant to accept a deed and perform the burdens they agreed to assume; expend money in lasting improvements, etc., make a clear case for appellant. See cases *supra.*

*M. P. Huddleston, Robert E. Fuhr* and *J. M. Futrell*, for appellees.

1. The chancellor found the issues of fact for appellees, and if Hampton had actual knowledge of the prior deed, the title to the lands was properly in favor of appellees as the chancellor found. In the absence

of fraud or mistake the pecuniary consideration in a deed cannot be proved to defeat or invalidate the deed. 71 Ark. 494; 99 *Id.* 350. Nor can a different consideration be proven to defeat it. 60 Am. Dec. 481; 64 *Id.* 469.

2. The obligation to support the grantor as a consideration.is a personal covenant and when broken can only be taken advantage of by the covenantee. 77 Ark. 168; 103 *Id.* 464; 71 *Id.* 494. A deed reciting a consideration to support cannot be rescinded for breach thereof where there has been part performance, in the absence of offer to return the benefit received. 57 N. Y. Supp. 201; 131 N. W. 632; 70 N. E. 673; 93 N. W. 614.

3. The contract to support was not breached by Penny. But if so, only Mrs. Haneline could rescind. 67 Ark. 526.

4. There is no such thing in law as abandonment of real estate, except a homestead right. 1 Rul. Case Law, p. 3.

5. No pecuniary consideration can be proved to defeat a deed. 71 Ark. 494 and *supra;* 99 Ark. 350.

6. All testimony as to the consideration should have been excluded.

WOOD, J. (after stating the facts.) The appellant alleged in his cross-complaint that the grantees in the deed under which the appellees claimed title fraudulently caused said deed to recite a consideration of $100 instead of the covenant to support the grantor, and secured the grantor to sign the deed in the belief that it recited the true consideration.

The appellees, in their answer to the cross-complaint, "deny that the deed under which they hold is null and void, or that any fraud, as alleged in defendant's cross-complaint, was practiced, etc."

Upon these allegations of the complaint and answer it cannot be said that the appellees admitted that the $100 consideration was fraudulently inserted in the deed under which they claimed. Appellees challenged

that allegation in the cross-complaint of the appellant.

Oral testimony was taken on this issue, which the appellees moved to strike from the record, but the court overruled appellees' motion and considered the testimony. There was no testimony to justify a finding that the grantees, in the deed under which the appellees claim title, had perpetrated any fraud upon the grantor, Mrs. Amanda Haneline, in the procurement of the deed. There was nothing in the testimony to warrant the conclusion that the consideration of $100 named therein was fraudulently inserted in the deed. The fact that there was an additional consideration in the way of a promise on the part of the grantees for support, etc., would not be sufficient to show that the insertion of the $100 as the consideration, without mentioning the additional consideration, was a fraud practiced upon the grantor by the grantees in the procurement of the deed.

(1) The grantor makes the deed. The presumption is that he had the real consideration recited therein, and in the absence of testimony tending to show that the pecuniary consideration named in the deed was inserted therein by mutual mistake or by some fraud practiced upon the grantor at the time he signed the deed, neither the grantor nor those claiming under him can be permitted to question the consideration named in the deed for the purpose of invalididating the same. See *Davis* v. *Jernigan*, 71 Ark. 494; *Wallace* v *Meeks*, 99 Ark. 350-354.

In the latter case this court quoted from *Hendrick* v. *Crowley*, 31 Cal. 472, as follows: "There is no doubt but that parol evidence is admissible for the purpose of contradicting or showing that the true consideration is other and different from that expressed in the written instrument. But this is not the rule, but an exception to the rule, that the legal effect of a written instrument cannot be varied or defeated in whole or in part by parol evidence. The exception can never be allowed to override the rule, for that would be to dispense with the rule entirely and preserve the exception. The ex-

ception always loses its governing force when it comes in conflict with the rule which it qualifies, and must yield to its higher claim. Hence the consideration cannot be contradicted or shown to be different from that expressed when thereby the legal operation of the instrument to pass the entire interest according to the purpose therein designated would be defeated.''

(2-3) Of course, if the consideration was not the true consideration, and was inserted through fraud or mutual mistake, such fact might be shown to defeat the conveyance. Since the deed to appellees recited a pecuniary consideration, and there was no proof that such consideration was inserted by mutual mistake or through any fraud practiced upon the grantor at the time, the court should not have considered any testimony of another, different, or additional consideration adduced for the purpose of defeating the conveyance.

The court, however, sustained the deed under which appellees claim under the law applicable to the facts that should have been considered by the trial court. The finding was correct and therefore must be upheld by this court.

(4) The appellant had a deed also from Mrs. Haneline executed after the deed under which appellees claim title and appellant recorded his deed before the other deed was recorded. But the court found that appellant had knowledge that the deed under which appellees claim had been executed prior to his deed. This finding of the court is sustained by a preponderance of the testimony.

While appellees prayed an appeal from the judgment against them in favor of appellant in the sum of $150 for improvements and services rendered to Mrs. Haneline by appellant, they do not contend in their brief that the decree against them for this amount should be reversed. They say: ''It was proper to charge appellee with improvements placed upon the land by Hampton, and there is no objection to charging them for keeping Mrs. Haneline ten and a half months.''

In the concluding part of their brief they say: "This case should be affirmed." Thus appellees concede that appellant was entitled to compensation for services and remuneration for improvements. The finding of the trial court as to the amount is supported by a preponderance of the evidence.

There is no reversible error in the record and the decree is therefore in all things affirmed.