SUTTON *v.* SUTTON.

Opinion delivered December 1, 1919.

1. EVIDENCE—CONSIDERATION IN DEED—PAROL EVIDENCE TO VARY.—In order to recover the true consideration given, parol testimony contradicting the recital in a written deed is admissible; but such testimony is inadmissible for the purpose of destroying or invalidating the deed itself.

2. DEEDS—TESTAMENTARY DISPOSITION OF PROPERTY.—An instrument, in the form of a warranty deed, and acknowledged as such, and so headed, conveying land to a grantee, "and unto his heirs and assigns forever," but with an habendum clause making the instrument inoperative until the grantor's death, is a deed and not a will; the limitation does not defeat the passing of title, but does reserve possession to the grantor during his lifetime.

3. DEEDS—CONSTRUCTION—REPUGNANT CLAUSES.—Where an instrument is held to be a deed, and not a will, the rule is inapplicable that in construing repugnant clauses the last expression of the grantor will be given effect.

4. DEEDS—CONFLICT BETWEEN HABENDUM AND GRANTING CLAUSES.—Where there is a conflict in a deed between the granting and the habendum clauses, full effect will be given to the granting clause, and the habendum clause rejected.

5. WRITTEN INSTRUMENTS—DETERMINATION OF CHARACTER OF.—Where a written instrument is apparently of a certain character, it should not, by interpolation, be converted into an instrument of another character, unless its provisions are, when harmonized, inconsistent with its apparent character.

Appeal from Pike Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*O. A. Featherston* and *Pinnix & Pinnix,* for appellants.

1. The chancellor misconceived the grounds upon which relief was sought, as shown in his opinion, even if the writing was a deed the grantee takes upon a condition subsequent and upon breach the grantor is entitled to declare a forfeiture. 91 Ark. 407. The remedy at law in cases like this is inadequate, and resort is properly in chancery. There was error in the first place in assuming that this was a suit to defeat the deed. The conveyance was valid and if the grantee had performed his undertaking it would be upheld now. 125 Ark. 441 is not in point. 71 Ark. 494; 99 *Id.* 350. The recital of a consideration in a deed is only *prima facie* evidence and parol evidence is admissible to contradict it. 15 Ark. 275; 82 *Id.* 492; 66 *Id.* 645; 123 *Id.* 532; 90 *Id.* 287; 101 *Id.* 603; 130 *Id.* 167.

The statement of the amount of the consideration in a deed and the acknowledgment of its payment is no more than a receipt and it is only *prima facie* evidence of what it states, but not conclusive except that there was some consideration, but such a recited consideration is not contractual and works no estoppel as to amount or character and the time consideration may be shown by parol evidence. 96 Ind. 398; 66 S. W. 15; 71 *Id.* 444; 57 Atl. 46; 207 Penn. 620; 44 S. E. 405; 56 S. C. 252; 46 S. E. 553; 97 N. W. 497; 7 Ky. Law Rep. 441; 80 N. W. 339; 84 *Id.* 339; 66 S. W. 15; 35 N. W. 817; 89 Va. 895; 17 S. E. 558; 21 L. R. A. 133; 37 Am. St. 894; 81 N. W. 645; 99 *Id.* 128; 105 Am. St. 1039; 7 Ky. Law Rep. 441; 8 *Id.* 640; 2 S. W. 546; 25 L. R. A. (N. S.) 1197; 42 S. E. 279; 110 N. W. 232. See also 134 Ill. App. 418; 47 Tex. Civ. App. 619; 115 S. W. 830; 118 *Id.* 842. Evidence is admissible to show an agreement to support the grantor in addition to the consideration recited in the deed. 20 Am. Dec. 356; 7 Me. 175; 55 Iowa 759; 19 Ind. 40; 32 Pa. 18; 54 Am. Dec. 198. See also 28 N. C. 121; 108 Ark. 130; 116 *Id.* 162; 126 *Id.* 595, 591; 237 Ill. 620; 127 Am. St. 345; 176 Ill. 83; 152 *Id.* 471. Equity will set aside the deed

if there is a failure to furnish the support as called for as the consideration. 93 N. E. 324; 40 S. E. 17.

Abandonment by defendants of their contract to support the grantor for life entitles the grantor to cancellation. 23 Okla. 806; 138 Am. St. 856. See also 75 N. W. 156, etc. See also 2 Washb. Real Prop. 7; 57 L. R. A. 458; 57 N. W. 787; 13 Oh. St. 49; 4 R. C. L. 509; 134 Ark. 91; 86 *Id.* 251; 127 *Id.* 186; 134 *Id.* 91; 30 New Mex. 202.

2. The undertaking of the grantee was a personal one and could not be enforced against his heirs. Upon his death the grantors were clearly entitled to a rescission. 4 N. W. 775; 71 Pac. 546; 135 Ky. 405. Mere delay for a long time in asserting a cause of action in equity, working no injury or prejudice, bars relief only on the presumption of abandonment, which may be overturned by proof to the contrary. 23 L. R. A. (N. S.) 232. Laches is not mere delay, but delay working to another's disadvantage which may come from the loss of evidence, change of title, intervention of equities and other causes. 103 Ark. 25; 114 *Id.* 359; 121 *Id.* 423. Laches and estoppel have no application in this case. 114 Ark. 90; 5 Pom. Eq. Jur., § 33; 142 U. S. 417; 85 Fed. 517; 71 *Id.* 618; 91 *Id.* 191; 42 *Id.* 42; 42 U. S. App. 42; 26 S. W. 705; 87 *Id.* 126. See also 67 Ark. 526.

3. It was not necessary to allege fraud or mistake as to the consideration at the time of the procurement of the deed. If this court adheres to the Illinois doctrine that a failure to support raises a presumption of fraud *ab initio,* an allegation of entire failure to support justifies the court in making this inference. It is not necessary to plead legal conclusions or presumptions. 14 Ark. 304. Here it is alleged that during his lifetime the grantee failed to provide for the grantor's support and the presumption of fraud arises in the inception of the grant. If the Wisconsin rule is followed the rights of the parties would depend upon the breach and not upon fraud in procuring the deed. Plaintiffs are entitled to recover, no matter which theory is adopted. 176 Ill. 83; 16 *Id.*

48; 59 *Id.* 46; 72 *Id.* 449; 101 Am. St. 243. The intervention of equity is sanctioned in this State on the theory that neglect or refusal to comply with the contract. to support raises a presumption that the grantee did not intend to comply with it in the first instance and that the contract was fraudulent in its inception and equity will relieve. 16 Ill. 48; 59 *Id.* 46; 72 *Id.* 449; 32 N. E. 267; 39 *Id.* 267; 51 *Id.* 559; 60 *Id.* 835.

4.   Equity will not permit one to enjoy the fruits of a contract and refuse to perform its obligations. 87 N. E. 388; 47 N. W. 768; 138 Am. St. 1054. Equity will rescind conveyances by parents to children on breach of condition to support. 152 Ill. 471; 39 N. E. 267; 176 Ill. 83; 51 N. E. 559; 60 *Id.* 835; *Ib.* 835; 127 Am. St. 345; 22 N. C. 241; 23 S. E. 730; 33 *Id.* 266; 16 Ill. 48; 59 *Id.* 46; 39 N. E. 267; 127 Am. St. 118; 18 L. R. A. (N. S.) 1147; 12 N. W. 74; 53 S. W. 294; 83 Am. Dec. 527; 59 N. W. 837; 13 Oh. St. 49; 53 *Id.* 649; 130 *Id.* 1054.

Where a grantor conveys his property in consideration of care and support, etc., the consideration can not be measured by dollars and cents and equity will grant relief by decreeing reconveyance. See 113 Wis. 303; 57 L. R. A. 458; 75 N. W. 156.

In the cases below the agreement is treated as a condition subsequent. See 51 Atl. 854; 64 S. E. 1081 and the Illinois cases cited *supra;* 29 Ind. App. 277; 71 Ind. 434; 89 *Id.* 29; 37 N. E. 787; 82 S. W. 1009; 58 Me. 73; 64 *Id.* 97; 69 *Id.* 293; 93 Am. Dec. 75; 70 N. E. 49; 95 N. W. 740; 112 *Id.* 217; 22 Mo. 369; 25 S. W. 201; 57 *Id.* 726; 75 Am. Dec. 163; 77 *Id.* 700; 39 Barb. 79; 28 S. E. 513; 47 *Id.* 415; 53 *Id.* 616; 103 N. W. 644; 109 S. W. 1142; 64 S. E. 1019; 14 L. R. A. (N. S.) 1187. Courts of equity go to great lengths to remedy the mischief by rescission or other relief where justice requires it. 41 Wis. 209; 134 Ark. 91. See also 28 L. R. A. (N. S.) 918; *Ib.* 608; 12 Ann. Cases 898; 57 L. R. A. 458.

5.   If the instrument is construed to be testamentary to take effect after death, see 1 Jarman on Wills, 26 and

notes; 28 Am. St. 495; 26 *Id.* 86; 51 Pa. 126; 85 *Id.* 495;
1 Jarman on Wills, p. 12; Redfield on Wills, p. 5. The
form of the instrument is immaterial if testamentary in
its substance. 103 Pa. 600; 71 *Id.* 458; 80 *Id.* 170; 98 *Id.*
159; 30 *Id.* 225; 62 Iowa 314; 66 Ga. 317; 62 Miss. 636;
54 Tex. 72; 38 Am. Rep. 620; 66 S. W. 636.

6. An instrument to be good as a deed must pass
a present interest in the property and where it takes ef-
fect only on the death of the grantor it is testamentary
and insufficient as a deed. Cases *supra.* 68 Mo. 584; 1
Devlin Deeds, par. 309; 76 N. W. 411; 51 Pa. 126; 17 N.
W. 522; 15 S. E. 367; 41 Pac. 1080; 50 Am. St. 43; 61 N.
W. 673; 26 Am. St. 86; 17 Am. Dec. 699; 50 N. Y. 88; 62
Miss. 366. 50 Ark. 374 is quite different from this and
does not apply. See also 75 N. E. 297; 82 Ky. 379; 34
Am. St. 164; 66 S. W. 1023; 121 *Id.* 973; 24 L. R. A. (N.
S.) 514; Ann. Cases 1913 B, 147. The habendum clause
may be rejected only where there is a clear and irrecon-
cilable repugnance to the granting clause. 78 Ark. 230;
8 Ann. Cases 443; 94 Ark. 615, and the habendum clause
controls, as it is the last expression of the grantor. 34
Am. St. 162; 19 S. W. 9; Ann. Cas. B 1917, etc.

*W. S. Coblentz,* for appellees.

1. While the authorities cited by the chancellor hold
that the consideration itself must have been inserted by
mistake or fraud, yet see 125 Ark. 447; 71 *Id.* 494; 99
*Id.* 350. There is no allegation that the very considera-
tion the grantor intended was not inserted, nor that there
was either fraud or mistake on the part of any one. 103
Ark. 251; 114 *Id.* 359; 121 *Id.* 423. The complaint should
have accounted for and explained the laches after nine
years and death of grantor. 17 Enc. Proc. 431-2.

2. Appellant's claims were thus barred by laches.
10 R. C. L. 400; 69 Atl. 488; 57 Fla. 423; 124 S. W. 7;
253 Ill. 147; 145 *Id.* 162; 16 Cyc. 164-5; 142 S. W. 156;
101 *Id.* 230; 83 *Id.* 385; 95 *Id.* 179; 112 *Id.* 522; 131 *Id.*
103; 50 *Id.* 374; 96 *Id.* 589. The lower court properly
sustained the demurrer.

HUMPHREYS, J. This suit was instituted on the 18th day of April, 1919, in the Pike Chancery Court, by appellants against appellees, to cancel an instrument of record, purporting to be a deed from appellants to James N. Sutton, because (1) the consideration failed, and (2) the instrument constituted a testamentary disposition of their property, revocable at their will. In substance it was alleged in the bill that appellants' son, James N. Sutton, the deceased husband of Etta A. Sutton and father of the other appellees, in his lifetime procured a deed for record from appellants, purporting to convey sixty acres of land in said county, the separate property of appellant Sarah A. Sutton, which had been, and was still, occupied by appellants as their homestead, in consideration of a verbal promise that he would care for and support appellants; that the said James N. Sutton, in his lifetime, and his widow and heirs after his death, failed to render them either care or support; that the consideration expressed in the granting clause of the instrument was as follows: "For and in consideration of divers covenants of value, and the further sum of two hundred ($200) dollars, to us in hand paid, the receipt of which is hereby acknowledged and confessed, and relying on the fidelity and integrity of James N. Sutton, their only son, do hereby grant, bargain, sell and convey unto the said James N. Sutton, and unto his heirs and assigns forever, the following lands lying in the county of Pike and State of Arkansas."

In the habendum the following provisions are found:

"To have and to hold the same unto the said James N. Sutton, subsequent to the death of said Sidney D. Sutton and Sarah A. Sutton, and unto their heirs and assigns forever, with all appurtenances thereunto belonging."

"It is hereby agreed and understood that this deed is inoperative prior to the death of the said Sidney D. Sutton and Sarah A. Sutton, but subsequent to their demise or death, this deed is to become absolute without question;" that it was the intention of the parties that

the instrument should have no force or effect until after the death of the grantors.

Appellees filed a general demurrer to the complaint, which was sustained by the court. The appellants refused to plead over, whereupon the bill was dismissed for want of equity. From the decree sustaining the demurrer and dismissing the bill, an appeal has been duly prosecuted to this court.

(1) It is first insisted by appellant that it was error to sustain the demurrer, because, it is said, even if it be conceded that the instrument was a deed, it contained a condition subsequent, a breach of which authorized the grantors to declare a forfeiture. The breach which it is contended worked a right of forfeiture in favor of appellants consisted in the failure of appellee, in his lifetime, or his widow and heirs after his death, to furnish care and support to said appellants. As the deed itself does not recite such a consideration, the determination of this question involves the right to make oral proof of the additional consideration and the failure thereof. The rule is well established that the true consideration in a deed may be shown by parol evidence, even though contradicting the written consideration expressed in the deed, for the purpose of recovering the consideration; but it can not be shown for the purpose of destroying or invalidating the instrument itself. *Davis* v. *Jernigan,* 71 Ark. 494; *Wallace* v. *Meeks,* 99 Ark. 350. It was said in the case of *Hampton* v. *Haneline,* 125 Ark. 441, that: "The grantor makes the deed. The presumption is that he had the real consideration recited therein, and in the absence of testimony tending to show that the pecuniary consideration named in the deed was inserted therein by mutual mistake or by some fraud practiced upon the grantor at the time he signed the deed, neither the grantor nor those claiming under him can be permitted to question the consideration named in the deed for the purpose of invalidating the same."

Again, in the same case it was said: "Hence the consideration can not be contradicted or shown to be dif-

ferent from that expressed when thereby the legal operation of the instrument to pass the entire interest according to the purpose therein designated would be defeated.''

The purpose of the allegation in the bill, to the effect that an additional consideration not expressed in the instrument had been promised and that said consideration had failed, was to defeat the instrument as a deed in fee simple, or with a condition subsequent attached. The allegation, therefore, or any inference that might be drawn from it, failed to state a cause of action that could be established by oral evidence.

(2) It is next insisted that the instrument constituted a testamentary disposition of the real estate, revocable at the will of appellants, who were the grantors in the instrument, and that it is proper for a court of equity to cancel the instrument in aid of the desire of appellants to revoke it. The solution of this question involves a determination of whether the instrument is a deed or a will. The instrument was incorporated in the bill and made a part thereof. If not ambiguous in its terms, the instrument itself must control the allegation in the bill to the effect that the intention of the parties was for the instrument to become effective at the death of the grantors, and not before. In order to interpret the instrument, it is unnecessary to set it out in full. Suffice it to say that ''Warranty Deed'' appears at the head of the instrument; that it is referred to in the body of the instrument as well as the acknowledgment, as a deed; and that its form in all particulars is that of a warranty deed.

(3) It is suggested by learned counsel for appellants that the instrument must be interpreted a will because it is provided in the habendum that the grantee shall have and hold said real estate subsequent to the death of the grantors; and further that the deed is inoperative prior to the death of the grantors, but, subsequent to their death, is to become absolute, for the reason that this was the last expression of the grantors as to their intention. That is the rule for construing repug-

nant clauses in a will after it has been determined that
the instrument is a will. The rule, however, does not
apply in construing repugnant clauses in a deed, after it
is ascertained to be a deed.

(4-5) Where there is an irreconcilable conflict be-
tween the granting and habendum clauses of a deed, the
habendum is rejected and full effect given to the granting
clause. Neither rule is the test for determining whether
an instrument is a deed or a will. In order to determine
the character of an instrument, each clause or part must
be reconciled, if possible, with every other clause or part,
and the intention of the parties gathered from reading
the whole instrument thus harmonized. If an instrument
appears on its face to be a deed, it should be upheld to
be a deed, if possible. If apparently a lease or will,
likewise it should be upheld as a lease or will, according
to its appearance. The apparent character of an instru-
ment should never be converted by interpretation into
an instrument of a different character, unless its provi-
sions, when harmonized, if possible, are wholly incon-
sistent with its apparent character. As stated above,
the apparent character of the instrument before us for
consideration is that of a warranty deed. In fact, it is
alleged in the bill to be a deed in form. It bears the
name of a warranty deed, and is referred to in both the
body of the instrument and the acknowledgment as a
deed. It contains a granting, habendum and warranty
clause. Having every earmark of a warranty deed, it
should be so construed. It is suggested, however, that
effect can not be given the instrument as a deed because
it is manifest from the habendum that it was not the
intention of the parties to pass a present interest in the
property attempted to be conveyed. The clauses may be
read together and the apparent conflict between the
granting and habendum clauses eliminated by referring
the transfer of the legal title to the granting clause and
the transfer of possession to the habendum clause. In
other words, purpose and effect may be given to each
clause and the instrument upheld as a deed by saying

that the title to said land passed through the operation of the granting clause, but that the possession was reserved to the grantors during their lives, through the operation of the habendum. Our construction, therefore, of the instrument is that it is a warranty deed, conveying the title to the grantee with the reservation of the possession for life in the grantors.

The decree is affirmed.