GREEN *v.* MULKEY.

Opinion delivered February 9, 1920.

1. EVIDENCE—CONSIDERATION NOT EXPRESSED IN DEED.—The grantor in a deed can not defeat his conveyance by proving a failure to perform a consideration not expressed in the deed itself.

2. PARTNERSHIP—REMEDY FOR NONPAYMENT OF CONSIDERATION OF DEED.—Where plaintiff conveyed land to a partnership composed of himself and defendant, the recited consideration, if unpaid, is a partnership liability, and plaintiff's remedy is in an adjustment of the partnership accounts, either by agreement or by an appropriate action.

Appeal from Howard Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*A. F. Auer* and *J. S. Butt,* for appellant.

The burden was on the plaintiff and he has sustained it by proving that the consideration, $3,000, as expressed in the deed, was in fact not the real consideration, but

the real consideration was that Mulkey would furnish the money to operate the business and did not do so. No part of the expressed consideration was ever paid or intended to be paid and the case should be reversed.

*W. C. Rodgers,* for appellees.

1. The decree contains the only reference to any evidence in the case and there is no bill of exceptions, and the case should be affirmed. 83 Ark. 424-6; 100 *Id.* 1-3; 42 *Id.* 29-35; 46 *Id.* 67-9; 44 *Id.* 74-6; 54 *Id.* 159-162; 59 *Id.* 251-8; 74 *Id.* 551-3.

2. The abstract does not set out all the evidence nor purport to do so, and the presumption is that the decree was sustained by the evidence. 112 Ark. 118; 89 *Id.* 349. The testimony of Auer is nothing more than an effort to contradict a written instrument by parol testimony, which can not be done. Chancery cases are tried *de novo,* and only competent evidence is considered. 78 Ark. 111-116; 76 *Id.* 153-6; 92 *Id.* 315, 320; 99 *Id.* 218, 225; 127 *Id.* 186-202; 132 *Id.* 402, 411; 213 S. W. 758-9.

3. Courts do not inquire into the adequacy of the consideration. 33 Ark. 97-101; 99 *Id.* 238; 127 *Id.* 28-36; 21 *Id.* 735; 106 *Id.* 1-4. Mere inadequacy of consideration is no ground for cancellation of a contract. 23 *Id.* 735-7.

McCULLOCH, C. J. Appellant instituted this action in the chancery court of Howard County to cancel a deed executed by him conveying certain lots in Nashville on which is situated a plant operated for the purpose of removing hulls from peanuts. The parties entered into a partnership agreement for the construction and operation of a plant under the firm name of Nashville Peanut Hulling Company, and the deed was executed to the copartnership under that name. A cash consideration of $3,000 duly paid was recited in the deed. Appellant alleges that appellee orally agreed as the real consideration for the execution of the deed (the price of $3,000 being recited merely for the purpose of specifying a paid consideration) to advance and furnish to the copartnership the sum of $10,000 to use in constructing and operating the

plant; that appellee failed to furnish any part of said sum, and the cancellation of the deed is sought on that ground.

Appellee denied that he agreed to furnish that sum or any other sum for the purpose named, and alleges that he purchased from appellant an undivided half interest in a patent applied for by appellant on a hulling machine, that he paid the stipulated price of $1,000, and that the copartnership agreement was entered into with certain mutual undertakings for the operation of the plant.

It appears from the testimony that the parties entered into a copartnership agreement in writing dated September 27, 1917, whereby appellee purchased from appellant the half interest in a peanut hulling machine, appellant having applied for a patent thereon, and they were to construct and operate a hulling plant in Nashville. The price to be paid by appellee for the interest in the patent was the sum of $1,000, and it is conceded that he paid it. The plant was built and put into operation on the lots involved in the present controversy.

On September 24, 1918, after the plant had been in operation for a considerable time, the parties entered into a new copartnership agreement in writing. Nothing was mentioned in that agreement about a conveyance of the lots in controversy. The plant is therein described as being located on these lots. Contemporaneously with the execution of the new contract appellant executed to the copartnership the deed in question reciting, as before stated, the consideration of $3,000 paid. Appellant testified that appellee orally agreed, as consideration for the conveyance, to furnish $10,000 to the copartnership to use in operating the plant, and that he failed to furnish any part of that sum. Another witness corroborated appellant. Appellee denied that he made such an agreement. The written contract is silent on that subject.

The parties operated the plant until November 4, 1918, when they leased the plant to Mulkey & Son, a firm composed of appellee and another, both appellant and appellee signing the lease contract. Under the lease con-

tract Mulkey & Son were to pay royalties to appellant and appellee on all peanuts hulled at the plant and to employ appellant as manager or superintendent at the wage of $5 per day. Appellant alleged in the complaint that Mulkey & Son had not performed the lease contract in accordance with its terms; but this is denied; and the testimony is conflicting.

Appellant's sole ground urged for canceling the deed is that appellee has failed to perform an oral agreement constituting the real consideration instead of that recited in the deed.

Waiving the question whether or not appellant has proved his alleged ground for cancellation by a preponderance of the testimony, the law is well settled against his contention. He is not permitted to show, for the purpose of defeating the conveyance, failure to perform a consideration not expressed in the writing itself. *Jernigan* v. *Davis,* 71 Ark. 494; *Sims* v. *Best,* 140 Ark. 384.

The conveyance was to the copartnership. The property became partnership assets and the recited consideration, if not paid, became a partnership liability. The remedy of appellant, if the consideration has not been paid or shall not hereafter be paid, is in the adjustment of the copartnership accounts, either by mutual agreement of the parties or by a decree of court in an appropriate action instituted for that purpose. The proof is not sufficient in this case to show a failure to perform the contract between the parties to this litigation or the lease contract between them and the lessees.

Affirmed.