## MONCRIEF *v.* MILLER.

Opinion delivered February 4, 1929.

*G. W. Botts,* for appellant.

*J. M. Brice,* for appellee.

SMITH, J. Appellant brought suit at law against appellee to recover the possession of a certain two-acre tract of land upon which there stands a store building and a residence. Appellant claims title to the property through a deed to her from appellee, which she made an exhibit to her complaint. The deed recites that: "I, B. N. Miller, single, for and in consideration of the sum of $1, and the love and affection that I have for Sallie Miller, formerly my wife, do hereby grant, sell and convey unto the said Sallie Miller a life interest in and to the follow-

ing lands'' (describing them). The deed further recites that: "The intention of this deed is to convey a life interest only to the said Sallie Miller, with the remainder vesting in my son, Charles Miller."

Appellee filed an answer, in which he alleged that she and appellant were formerly husband and wife; that she obtained a divorce from him, and in the decree she was awarded as alimony $1,500, of which $500 was cash, and certain specific articles of personal property. Appellee gave appellant a note for $1,000 to cover the portion of the alimony not paid in cash. This note was indorsed by C. P. Vittitow, an uncle of the appellee's first wife. Later, according to the allegations of the answer, the parties entered into an agreement as follows: A copartnership was formed to conduct a mercantile business in the building on the above-described lot, the thousand-dollar note was to be canceled, and the above-mentioned deed was executed and delivered. This agreement was evidenced in part by a paper writing, which reads as follows:

"This is to certify I, Sallie Bitner Miller, to me well known, came before me, a justice of the peace for Point DeLuce Township, in and for Arkansas County, Arkansas, to sign this agreement, giving B. N. Miller the right to conduct a mercantile business together with hers at the place which it is now located, without the paying of rent or compensation from the said B. N. Miller. And the said B. N. Miller agrees to give to the said Sallie Miller, after all debts are paid, one-half of the net proceeds of the mercantile business.

"G. W. Trussell,
"Justice of Peace."

"B. N. Miller,
"Sallie Bitner Miller."

The defendant moved that the cause be transferred to equity, and prayed that the deed be canceled as having been executed without consideration, inasmuch as appellant had failed to perform the conditions in consideration of which the deed had been executed. After the cause had been transferred to equity, appellant filed an amend-

ed complaint, in which she asked a settlement of the partnership accounts.

The parties were married in 1916, and divorced in September, 1919, and the deed was executed in December thereafter.

The court found the facts to be "that the deed, upon its face, is without sufficient consideration, there being no relationship between the parties," and that "the contract of partnership has never been carried out." Upon these findings the complaint was dismissed as being without equity, and the deed was canceled as having been executed without consideration, and this appeal is from that decree.

The testimony on the part of appellant was to the effect that, after she obtained a divorce from appellee, he urged her to remarry him, but she declined to do so. Appellee had a small child by a former marriage, and he requested appellant to keep the child for him, and, as a consideration for her agreement so to do, he executed to her the deed conveying, not only the store building, but the residence thereon, and a part of the agreement was that appellee should remain away from the home. The contract set out above evidenced the agreement covering the copartnership, which appellee by his misconduct towards her forced her to dissolve. She testified that there had been no agreement to cancel the thousand-dollar note given her in part payment of the alimony allowance. She made proof of the fact, on the contrary, that, in a suit on the note which she was compelled to bring to collect it, appellee had defended upon the false ground that the note had been paid by the execution of the deed, the satisfaction of the note being the consideration for the deed.

The testimony on appellee's part was to the effect that, after appellant had obtained the divorce, a single agreement was entered into between them, of which the writing relating to the copartnership and the deed were parts. This agreement contemplated the surrender of the thousand-dollar note, and that appellant should operate

the store for the joint benefit of the contracting parties, but she refused to surrender the note. On the contrary, appellant enforced its collection by suit, and abandoned the partnership contract without cause.

The court was in error in decreeing the cancellation of the deed. It was not contended that the execution of the deed was procured by fraud; the contention is that the consideration which induced the execution of the deed failed. It may be said that the testimony shows clearly that the consideration for the deed was not that expressed in the deed, to-wit, the sum of a dollar and the grantor's love and affection for his former wife; but this fact cannot be shown for the purpose of canceling the deed.

Similar relief was sought in the case of *Green* v. *Mulkey,* 142 Ark. 124, 218 S. W. 20. The grantor in that case, as in this, sought to show that the real consideration for the deed was an unperformed agreement not recited in the deed, but we said:

"Waiving the question whether or not appellant has proved his alleged ground for cancellation by a preponderance of the testimony, the law is well settled against his contention. He is not permitted to show, for the purpose of defeating the conveyance, failure to perform a consideration not expressed in the writing itself. (Citing authorities)." See also *Tandy* v. *Smith*, 173 Ark. 828, 293 S. W. 735; *Tribble* v. *Tribble,* 173 Ark. 561, 293 S. W. 705; *Texas Co.* v. *Snow,* 172 Ark. 1128, 291 S. W. 826; *Sutton* v. *Sutton,* 141 Ark. 93, 216 S. W. 1052; *Sims* v. *Best,* 140 Ark. 384, 215 S. W. 519; *Hampton* v. *Haneline,* 125 Ark. 441, 189 S. W. 638; *Wallace* v. *Meeks,* 99 Ark. 350, 138 S. W. 638; *Davis* v. *Jernigan,* 71 Ark. 494, 76 S. W. 554; *Barnett* v. *Hughey,* 54 Ark. 195, 15 S. W. 464.

The grantor in a deed may show what the consideration for the deed was, although it is not expressed in the deed, and he may show the value of this unexpressed consideration, but he cannot show that there was no consideration, or that the consideration failed, for the purpose

of defeating the conveyance. So here appellee may show what the consideration for the deed was, and the value thereof, and may recover judgment for the value of such portion of the consideration as he failed to receive, but the deed stands as a valid conveyance of the title to the land.

The decree of the court below will be reversed, and the cause will be remanded for further proceedings not inconsistent with this opinion.