## MILLER *v.* MONCRIEF.

Opinion delivered April 13, 1931.

*J. M. Brice,* for appellant.

*G. W. Botts,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists that the court erred in refusing to retransfer the cause to the chancery court and in the refusal to give certain instructions requested.

The undisputed testimony shows that appellee had refused to surrender the $1,000 note that was claimed to be a part of the consideration, and also that she had brought suit thereon and recovered judgment therefor in a court of competent jurisdiction against appellant from which no appeal was taken, and that, as a defense in that suit, appellant here alleged the note was paid or satisfied by this conveyance. The court properly held this matter *res judicata* upon the plea setting it up, and declined to submit the question to the jury.

Of course, appellant could not recover damages for breach of or refusal to perform the contract for personal service, such damages being altogether remote and speculative, as well as any damage for breach of partnership agreement alleged to be a part of the unexpressed consideration for the deed, and no error was committed in the court's refusal to give the instruction requested on that point. Certainly appellant could not collect damages for value of improvements put upon the lands conveyed by the deed long after the conveyance was made and appellee had refused and declined to carry out the partnership agreement, and it is not even claimed that such improvements or the value thereof was any part of the unexpressed consideration for the deed or conveyance of the lands. The improvements were made upon the lands long after appellant had conveyed them and without any agreement for repayment of their value to him and any right on his part to expect such repayment under the circumstances of this case.

632

Since there were no questions for determination of exclusively equitable cognizance, no error was committed in transferring the cause to the circuit court for trial upon the questions of fact by a jury. Upon the whole record, the majority is of opinion that no errors were committed, and that the judgment must be affirmed. It is so ordered.