### WILSON v. SADLER.

#### Opinion delivered November 25, 1918.

NEW TRIAL—SPECIAL STATUTORY PROCEEDING TO CONFIRM TAX TITLE.— Kirby's Digest, § 6259, providing for a new trial within two years where a judgment has been rendered on constructive service merely, has no application to a special statutory proceeding to confirm a tax title, under Kirby's Dig., § § 661-675.

Appeal from Logan Chancery Court, Northern District; *W. A. Falconer,* Chancellor; affirmed.

*Tellier & Webster,* for appellants.

The motion to reopen the decree should have been granted. Kirby's Digest, § 5629; 36 Ark. 600. The statute is mandatory. The motion was filed in time and was the only adequate remedy. 69 Ark. 518; 64 *Id.* 126; 74 *Id.* 173; 85 *Id.* 272; 90 *Id.* 156.

HUMPHREYS, J. On the 5th day of February, 1917, appellee instituted an *ex parte* proceeding in the North District of the Logan Chancery Court for the confirma, of tax titles to certain lands specifically described in the petition. Notice of the proceeding was given by publication, in accordance with sections 662, 663, and 664 of Kirby's Digest. In accordance with the pleadings, the court, on the 28th day of February, 1917, rendered a decree confirming the tax title to the several tracts of land in appellee, in his capacity as trustee. On December 21, 1917, appellants herein filed a motion asking that the decree rendered on the 28th day of February, 1917, be reopened and that they be permitted to file answer and other pleadings. The court denied the motion, from which denial an appeal has been prosecuted to this court.

Appellants insist that the court should have granted the motion under authority of section 6259 of Kirby's Digest. That section is as follows:

"Where a judgment has been rendered against a defendant or defendants constructively summoned and who did not appear, such defendants or any one or more of them may at any time within two years, and not thereafter, after the rendition of the judgment appear in open court and move to have the action retried; and, security for the costs being given, such defendant or defendants shall be permitted to make defense, and thereupon the action shall be tried anew as to such defendant or defendants as if there had been no judgment, and upon the new trial the court may confirm, modify or set aside the former judgment and may order the plaintiff in the action to restore to any such defendant or defendants any money of such defendant paid to them under such judgment, or any property of such defendants obtained by the plaintiff under it and yet remaining in his possession and pay to the defendant the value of any property which may have been taken under an attachment in the action or under the judgment and not restored; provided, the provisions of this section shall not apply to judgments granting a divorce except so far as relates to alimony."

The section just quoted is applicable to ordinary proceedings instituted according to the course of the common law, and has no application to special statutory proceedings. Proceedings for the confirmation of tax titles are specially provided by statute in this State. See sections 661 to 675, inclusive, Kirby's Digest. In proceedings to confirm tax titles, under the sections of the Digest just cited, there is no saving clause in favor of parties constructively summoned. A tax title confirmation decree is binding on every one "saving, however, to infants, persons of unsound mind, imprisoned beyond seas, or out of the jurisdiction of the United States, the right to appear and contest the title to said land within one year after their disabilities may be removed; provided, that such decree shall not be valid for any purpose as against

the owner of such land, his heirs or assigns, who was, at the time of such decree rendered, in actual possession of the same, unless he be made a party to such action by personal service of notice therein." Section 673, Kirby's Digest.

The section last referred to is applicable to the instant case, and it was not error on the part of the court to overrule the motion for rehearing or new trial.

The decree is, therefore, affirmed.