THOMAS v. THOMAS.

5-802                                          284 S. W. 2d 853

Opinion delivered December 19, 1955.

*McKay, Anderson & Crumpler,* for appellant.

*A. R. Cheatham,* for appellee.

SAM ROBINSON, Associate Justice. Appellee, Mrs. Stella Thomas, filed this suit attempting to establish a resulting trust in her favor in property previously conveyed to her husband, now deceased. The suit was filed on February 27, 1953. Appellants, non-residents of Arkansas, were named as defendants and were constructively summoned, but did not appear. On April 29, 1953, there was a decree sustaining Mrs. Thomas' contention as to a resulting trust in the property in question. On November 17, 1954, appellants filed a motion for a new

trial on authority of Ark. Stats., § 27-1907. The motion was overruled by the Chancellor and this appeal results.

Ark. Stats., § 27-1907, provides: "Where a judgment has been rendered against a defendant or defendants constructively summoned and who did not appear, such defendants or any one or more of them may at any time within two [2] years, and not thereafter, after the rendition of the judgment appear in open court and move to have the action retried; and, security for the costs being given, such defendant or defendants shall be permitted to make defense, and thereupon the action shall be tried anew as to such defendant or defendants as if there had been no judgment, and upon the new trial the court may confirm, modify or set aside the former judgment and may order the plaintiff in the action to restore to any such defendant or defendants any money of such defendant or defendants paid to them under such judgment, or any property of such defendants obtained by the plaintiff under it and yet remaining in his possession and pay to the defendant the value of any property which may have been taken under an attachment in the action or under the judgment and not restored."

Appellee, Mrs. Thomas, argues that the statute in question has no application here because the judgment is against the land. But, if the appellee does not own the land by reason of the trust she seeks to establish, appellants may own an interest therein. Therefore the decree in favor of the trust is, in effect, a judgment against appellants because they may have lost an interest in the land as a result of the decree which they seek to set aside.

Appellee relies on *Wilson* v. *Sadler,* 136 Ark. 415, 206 S. W. 754, but this case is not in point as it deals with confirmation of tax titles, a special statutory proceeding governed by the act itself. *Gleason* v. *Boone,* 123 Ark. 523, 185 S. W. 1093, holds that a foreclosure sale will not be set aside where the defendant has been constructively summoned, but that decision is based on the proposition that the judgment will not be set aside pending a hearing on the motion for a new trial, and there is

no redemption from the sale under the order of foreclosure.

*Howard* v. *Howard,* 152 Ark. 387, 238 S. W. 604, was a suit by a widow to establish a resulting trust. The defendants were non-residents constructively summoned, and a new trial was granted without question. There is no reason why the statute should not apply to the case at bar.

Reversed.