## GIBSON AD. VS. WILLIAMS.

The plea of the general issue is an admission of the representative character of the plaintiff as stated in the declaration.

Spreading upon the record the reasons for a judgment of the court below sitting as a jury will not supply the want of a bill of exceptions—the judgment will alone be looked to, and the reasons disregarded as surplusage.

*Error to St. Francis Circuit Court.*

Hon. M. W. ALEXANDER, Circuit Judge.

FOWLER & STILLWELL.

The representative character of the plaintiff cannot be enquired into on the general issue. 1 *Ark.* 596; 1 *Bibb* 404; 1 *Ch. Pl.* 485; 2 *Stark. Ev.* 320.

GARLAND & RANDOLPH.

The fourth count in the declaration being on an account stated between the plaintiff as administrator and the defendant, the plea of the general issue put the plaintiff upon proof of her

representative character. 3 *Taun.* 13; 2 *Ld. Raym.* 824; 3 *Stark. on Ev.* 548–9.

Mr. Justice FAIRCHILD, delivered the opinion of the Court.

This case was either decided erroneously by the Circuit Court sitting as a jury, or a very bad reason was given for a good decision. For the plea of the defendant admitted that to be a fact, which the court declared to be its reason for finding against the plaintiff. The defendant having pleaded the general issue, it was thereby admitted that Sarah P. Williams was what she described herself to be in the declaration, the administratrix of the goods of Samuel N. Williams. *Kowanchi vs. Askew*, 17 *Ark.* 596.

But by the rule of proceeding at law, the judgment, despite the reason given for rendering it, must be regarded as a judgment, and the reason assigned for the finding of the court must be disregarded. That reason is no part of the judgment, is simply a misconception by the court of what was to be proved under the pleadings. It is the same as any judgment that is founded upon a verdict, that is against the evidence; as here, no evidence was needed to show the representative character of the plaintiff. But the recital in the judgment order of the want of evidence, there being no such defect, does not make the error of the court a matter of record. We must treat all but the judgment as irrelevant, as no part of the record.

In *Hezekiah vs. Montross*, 21 *Ark.*, in which objections to the evidence were spread upon the record entry, we held that such statement was surplusage, and could not be regarded as part of the record, not being brought there by bill of exceptions. The same principle applied to this case, will cause the reason of the judgment to be disregarded, as forming no part of the record.

There was no motion for a new trial, no prayer that the court should hold evidence of the grant of administration to the plain_ tiff unnecessary; the attention of the court does not seem, during or after the trial, to have been called to the point on which it erred. The case is clearly within the rule of *State Bank, vs.*

*Conway, B.,* 3 *Ark* 354, and the numerous cases in which it has been followed; and the application of that rule being insisted upon, the judgment must be affirmed.