## HALL, AD., v. BONVILLE ET AL.

1. PLEADING: *When plea of one defendant good for all.*
    Where several are sued on a contract, a successful plea by one going to the validity of the contract, or to the satisfaction or discharge of the debt, operates as a discharge of all the defendants. It is otherwise where the plea goes only to the personal discharge of the party pleading it.

Hall, Ad., v. Bonville et al.

2. STATUTE OF LIMITATIONS: *When pleaded by one of several defendants.* The plea of the statute of limitations, when pleaded by one of several defendants, is personal to the party pleading it, and inures only to his benefit.

3. PROMISSORY NOTES: *Credits on: Exhibits: Bill of exceptions.* Credits indorsed on a copy of a note sued on, and filed as an exhibit, are no part of the note, or of the complaint, and can not be noticed on demurrer, or on error. If they are relied on as partial payments, they may be given in evidence, on the trial, and brought upon the record by bill of exceptions.

4. BILL OF EXCEPTIONS: *Province of.* It is the province of the bill of exceptions, and not the judgment entry, to bring upon the record the facts proven or admitted on the trial, and the declarations of law made by the court upon them.

APPEAL from *Yell* Circuit Court.
Hon. W. D. JACOWAY, Circuit Judge.

*Thomas W. Pound, Thomas Boles,* for appellants.

Statute runs *from* day of last payment. 19 *Ark.*, 692; 9 *Ark.*, 459; *Gantt's Digest, sec.* 5648. Does not include the day. *Danls. Pl. & Pr., p.* 353; *Birnie v. Main,* 32 *Ark.*, —; 7 *Allen,* 487; 2 *Par. on Con., p.* 504, *note a;* 662, 664, *and notes;* 10 *Ark.*, 497; 9 *Am. Repts.*, 70; 13 *ib.*, 731; 21 *ib.*, 637.

*William N. May,* for appellee:

Circuit court had no jurisdiction. *Art. VII, sec. 40, Const.* And this court acquires none on appeal.

Appellant could have brought suit on day of last payment. The statute then commenced running. 83 *Ill.*, 256; 3 *Otto.*, 76; 19 *Am. Rep.*, 470; 21 *Am. Repts.*, 21; *ib., pp.* 634, 636; 10 *Ark.*, 228; 32 *ib.*, 697.

ENGLISH, C. J. This suit was commenced on the tenth

of July, 1877, in the circuit court of Yell county, for the Danville district, by Louis C. Hall, as administrator *de bonis non* of the estate of Jasper Holland, deceased, against Mark A. J. Bonville and Haynes A. Howell.

The action was founded on a writing obligatory, executed by defendants (and Thomas J. Tucker, not sued), on the sixth of October, 1860, by which they jointly and severally promised to pay, twelve months after date, Andrew N. Falls, as administrator of the estate of Jasper N. Holland, deceased, three hundred dollars.

The complaint described the obligation, and filed a copy, with indorsements thereon, and plaintiff's letters as administrator *de bonis non* of Holland's estate, were made exhibits, and it was alleged that after deducting all legal and just credits, there remained due upon the obligation, $565.60, principal and interest, for which plaintiff prayed judgment.

Both defendants demurred to the complaint, on the ground that the credits indorsed upon the obligation filed as an exhibit, reduced the principal of the debt to a less sum than $100, and below the jurisdiction of the court; and the demurrer was overruled.

Afterwards, Haynes A. Howell, one of the defendants, filed a separate answer, consisting of two Code paragraphs.

The first was to the jurisdiction of the court, alleging, in substance, that about the first of December, 1861, he paid to the first administrator $200 on the obligation, which was indorsed as a credit thereon, and that on the tenth of July, 1867, he made a further payment of $50, which was also indorsed, and that the two payments reduced the principal of the debt to less than $100, and below the jurisdiction of the court.

In the second paragraph, he alleged that the plaintiff's

cause of action did not accrue against him at any time within ten years next before the commencement of the suit.

Plaintiff replied to the first paragraph of Howell's answer, that the credit of $200 indorsed on the obligation, was for a forced payment in confederate money, which was worthless to the estate.

On motion of defendants, the court struck the reply from the files.

The record shows that the case was submitted to the court on Howell's plea of the statute of limitations, the court found against plaintiff, and rendered judgment discharging both defendants with costs. Plaintiff appealed, without filing a motion for a new trial, or taking any bill of exceptions.

1. PLEADING When plea of one defendant good for all

I.   Where several are sued on a contract, a successful plea by one going to the validity of the contract, or to the satisfaction or discharge of the debt, operates as a discharge to all the defendants; but it is otherwise where the plea goes to the personal discharge of the party interposing it.

2. Plea of statute of limitations is personal to the defendant pleading it.

The plea of limitation interposed in the separate answer of appellee Howell, was personal to him, and the court erred in rendering judgment discharging both him and appellee Bonville on the plea. (*Ferguson et al. v. State Bank, 11 Ark., 512; Meech v. Fowler, 14 ib., 30; Neville v. Hancock et al., 15 ib., 511.*) One defendant may think proper to plead the statute of limitation, and another may not.

3. PROMISSORY NOTES Credits on, are no part of them, or of the pleading.

II.   The counsel for appellees submit, however, that the judgment was rightly rendered in favor of both of them, because the principal of the debt sued for was reduced by payments below the jurisdiction of the court. This we can not know from the record now before us. It is true that upon the copy of the obligation filed with the com-

plaint appear to have been indorsed two credits—one for $200, dated December, 1861, and the other for $50, dated the tenth of July, 1867—but credits indorsed on a note or bond, although set out on oyer, form no part of the note or bond, and become no part of the declaration (or Code complaint); nor can they be noticed on demurrer, or on error. They are merely evidences of payment, of the same grade as a receipt, and may be explained or controverted. (*Dillard v. Noel, 2 Ark., 449.*) If a plaintiff relies on partial payments to remove the statute bar, or a defendant to reduce the debt, the evidence of such payment must be brought on to the record by bill of exceptions.

It is also true that in the first paragraph of the answer of appellee Howell, he pleaded the partial payments to defeat the jurisdiction of the court; but it appears that that plea was abandoned by submitting the cause for trial, to the court, on his plea of the statute of limitation only.

III. The court decided upon the evidence that the cause of action was barred by the statute of limitation. Counsel for appellant insists that this was an error. That there was a partial payment on the obligation the tenth of July, 1867, which formed a new point of time from which the statute run, and that ten years had not expired on the tenth of July, 1877, when the suit was commenced. But the trouble is that he filed no motion for a new trial, and took no bill of exceptions to bring upon the record any evidence of this payment.

It is true that in the judgment entry there is a statement of the evidence introduced on the trial, or agreed on, and of the declarations of the law of the case, made by the court, but it is the province of a bill of exceptions, and not of the judgment entry, to bring on the record the facts proven or admitted on the trial, and the declarations of law made by the court upon them.

4. BILL OF EXCEP-TIONS: Province of.

The judgment must be affirmed as to appellee Howell and reversed as to appellee Bonville, and, as to him, the cause remanded for further proceedings.