HUFF v. CITIZENS' NATIONAL BANK.

Opinion delivered May 1, 1911.

1. APPEAL AND ERROR—PRESUMPTION.—In the absence of a bill of exceptions, the court must presume that the judgment was correct, unless error appears upon the face of the judgment. (Page 99.)

2. BILL OF EXCEPTIONS—CERTIFICATE OF JUDGE.—A certificate by the circuit judge that he signed the bill of exceptions in the case "subject to approval on examination" is insufficient to bring the exceptions upon the record. (Page 99.)

3. GARNISHMENT—INTEREST—COSTS.—It is error to render judgment against a garnishee for interest prior to the return day of the writ of garnishment or for the costs of the original action; the judgment should be confined to the amount of funds found to be in the hands of the garnishee, not exceeding the amount of the debt of the judgment-creditor, together with interest from the return day of the writ of garnishment, and the costs of the garnishment proceedings subsequent to that time. (Page 100.)

Appeal from Garland Circuit Court; *W. H. Evans*, Judge; affirmed with modification.

*C. Floyd Huff, pro se.*

The judgment against the garnishee should not have been for a greater amount than he had in his hands at the time of the

service of the writ. Hence it was error to adjudge against him the costs of the original action. It was also error to allow against him interest on the judgment at ten per cent. from March 5, 1909. If interest should run on the judgment at all, it should not be for more than six per cent. and from the date of the judgment only, not from a date prior thereto.

J. B. Wood, for appellees.

The bill of exceptions in this case shows on its face that it was never approved by the trial court or judge. A declaration, "Signed subject to approval on examination," at the end of a purported bill of exceptions, though signed by the trial judge, is not sufficient to authenticate the instrument as a bill of exceptions. 125 Fed. 719; 145 U. S. 293.

McCULLOCH, C. J. On March 29, 1909, T. J. O'Neill & Company, co-partners, who are appellees here, obtained a judgment, in the circuit court of Garland County, for debt due on account, in the sum of $981, against Gertrude Albright, Julius Albright and William Albright; and on April 5, 1909, the Citizens' National Bank, a corporation, also obtained a judgment, in said court against the same parties for debt due on promissory note in the sum of $1,200. On June 5, 1909, said judgment creditors sued out writs of garnishment on their respective judgments, summoning appellant, C. Floyd Huff, as garnishee, and on the same day filed affidavits alleging that the said garnishee had in his hands and possession goods, chattels, moneys, credits and effects belonging to Gertrude Albright, one of said judgment debtors. Interrogatories were also filed at the same time, directed to the said garnishee, and on or before the return day of the writs appellant, as such garnishee, filed his answers, in which he stated that he had in his hands and possession the sum of $1,179.15, which he claimed to hold as trustee for certain creditors of said Gertrude Albright, but that he did not have in his hands or possession any goods, chattels, moneys, credits or effects belonging to said Gertrude Albright. Subsequently the appellees filed denials of the answers of the garnishee, and denied therein that said funds in the hands of the garnishee belonged to creditors of said Gertrude Albright, but that the same were paid over to the garnishee with the fraudulent purpose of cheating, hindering and delaying the appellees, as creditors, in the collection

of their said debts.   Upon the issues thus formed, the two cases
were consolidated, and trial was had before the court sitting as a
jury, and judgment was rendered by the court, finding that said
garnishee had in his possession the sum of $1,179.15, the prop-
erty of said Gertrude Albright, and judgment was rendered in
favor of appellee, Citizens' National Bank, against said garnishee
for the sum of $1,179.15, together with interest thereon from the
5th day of March, 1909, also the sum of $19.85 costs adjudged in
its action against the said Gertrude Albright, and also all costs
which accrued in the garnishment proceedings.   The court also
rendered a separate judgment in favor of O'Neill & Company
against said garnishee for the amount of funds in his hands,
towit, the sum of $1,179.15, if any remained after the satisfaction
of said judgment in favor of the Citizens' National Bank.   Appel-
lant filed his motion for a new trial, which was overruled, and
he appealed to this court.

The bill of exceptions in the case bears the following indorse-
ment of the circuit judge: "Signed subject to approval on
examination."

This is insufficient to bring before us for review the alleged
errors of the circuit court, for, in the absence of a bill of excep-
tions, we must indulge the presumption that the judgment of
the court was correct where error does not appear upon the
face of the judgment itself.   The object of a bill of exceptions,
certified by the trial judge, is to present to this court a definite
and unequivocal attestation of the proceedings in the trial below.
*Kansas City, S. & M. Rd. Co.* v. *Oyler*, 51 Ark. 280; *Sims* v.
*Young*, 81 Ark. 65.   In this case the circuit judge has certified
that he has "signed subject to approval on examination."   This
is not a definite certificate of the circuit judge that the bill of
exceptions is correct, but, on the contrary, the certificate shows
that further examination was to be made to test its accuracy.
In *Kansas City, S. & M. Rd. Co.* v. *Oyler, supra,* where the cer-
tificate of the presiding judge was somewhat similar to this,
Chief Justice COCKRILL, speaking for the court, said:   "But, as
he was unwilling to accept the bill as a true narrative of the
proceedings and sign it for the purpose of evidencing that fact,
it did not serve the office of bringing the exceptions upon the
record."

The judgment of the court shows upon its face an error in rendering judgment against the garnishee for interest prior to the return day of the writ of garnishment and for the costs of the original action. The judgment should be confined to the amount of funds found to be in the hands of the garnishee, not exceeding the amount of the debt of the judgment creditor, together with interest after the return day of the writ of garnishment, and the costs of the garnishment proceedings subsequent to that time. The garnishee was not in default until he failed, on the return day of the writ, to "surrender to the plaintiff all the goods and chattels, moneys, credits and effects which may be in his hands or possession belonging to the defendant." Kirby's Digest, § 3702. Therefore, he was not liable for interest or for costs which accrued prior to that date.

The judgment of the circuit court is modified so as to exclude the above-named erroneous items. In other respects the same will be affirmed. It is so ordered.