MADISON COUNTY *v.* MAPLES.

Opinion delivered March, 1912.

1.  APPEAL AND ERROR—TIME OF FILING BILL OF EXCEPTIONS.—Where time is allowed to reduce exceptions to writing, the bill of exceptions must be prepared, signed by the judge, and filed with the clerk within the time allowed.   (Page 45.)

2.  SAME—TIME OF FILING BILL OF EXCEPTIONS.—Where the transcript does not show when the bill of exceptions copied therein was filed, but the clerk's certificate to the transcript was dated after the time allowed to file the bill of exceptions, it will not be assumed that the bill of exceptions was filed with the clerk within the time allowed.   (Page 45.)

Appeal from Madison Circuit Court; *E. M. Fowler,* Special Judge; affirmed.

*Robert L. Rogers,* for appellant.

*J. V. Walker* and *W. N. Ivie,* for appellee.

Time having been allowed the appellant in which to file his bill of exceptions, and the record failing to show that such bill of exceptions was filed within the time allowed, there is nothing before the court for determination, and the judgment of the lower court should be affirmed.   Acts 1909, p. 147, amendatory of Kirby's Dig., § 6225; 42 Ark. 488; 39 Ark. 558; 35 Ark. 386; *Id.* 395; 46 Ark. 482; 53 Ark. 415; 58 Ark. 110; 96 Ark. 316.

WOOD, J.   The appellee claimed to be the owner of a fee-bill, amounting to $552.30, which accrued in the case of the State of Arkansas against Tom Brown, who was charged with the crime of perjury.   Appellee presented his claim to the county court of Madison County for allowance.   The county court disallowed the claim, and appellee appealed to the circuit court, where judgment was rendered in his favor on September 11, 1911.   A motion for a new trial was filed September 13, 1911, and was by the court overruled, to which ruling the ap-

pellant excepted, and prayed an appeal to the Supreme Court. The court granted the appeal, and gave appellant forty days in which to prepare and file his bill of exceptions.

The bill of exceptions was presented to the special judge, who tried the case, on the 5th day of October, 1911, who duly affixed his signature thereto on that date. The bill of exceptions does not show that it was filed with the clerk within the time given for the filing of same. The certificate of the clerk certifying to the transcript in this case, in which the bill of exceptions is included, is dated November 22, 1911. Aside from this certificate, there is nothing to show that the bill of exceptions was ever filed with the clerk. This, however, may be considered as sufficient to show that the bill of exceptions was filed, but there is nothing in the record to warrant a finding that it was filed before the date of the clerk's certificate to the transcript.

The grounds urged by appellant's counsel for a reversal of the case can not be considered by this court, in the absence of a bill of exceptions setting forth the facts upon which he relies. The forty days given for the filing of the bill of exceptions lapsed before the bill of exceptions in the present record was filed with the clerk.

"Where time is allowed to reduce exceptions to writing, the bill of exceptions must be prepared, signed by the judge, and filed with the clerk so as to become a part of the record, within the time given." *Adler, Goldman & Co.* v. *Conway County*, 42 Ark. 488.

"The bill of exceptions must not only be signed by the judge, but must be filed with the clerk within the time allowed by the court." *Springfield* v. *Fulk*, 96 Ark. 316; *Stinson* v. *Shafer*, 58 Ark. 110; *Watson* v. *Watson*, 53 Ark. 415; *St. Louis, I. M. & S. Ry. Co.* v. *Godbey*, 45 Ark. 485; *Lesser* v. *Banks*, 46 Ark. 482; *St. Louis, I. M. & S. Ry. Co.* v. *Rapp*, 39 Ark. 558; *Walker* v. *State*, 35 Ark. 386; *Toliver* v. *State*, 35 Ark. 395.

There being no record before the court by which we can determine whether or not the lower court erred in its judgment, we must assume that it was correct. It is therefore affirmed.