LAY, ADMINISTRATOR, v. GAINES.

Opinion delivered July 2, 1917.

1. VENDOR AND PURCHASER—LIEN FOR PRICE—RECITAL OF CONSIDERA-
TION.—A vendor of land has in equity a lien on the land for the pur-
chase money, although a deed in absolute form has been executed
reciting a different amount paid as purchase price, and this lien is
good as against the vendee, or any person purchasing with notice of
the fact that the purchase money has not been paid.

2. VENDOR AND PURCHASER—PROOF OF CONSIDERATION.—It constitutes
no violation of the rules of evidence for a vendor to be allowed to show
that the price has not in fact been paid, and that the amount is
different from that recited in the deed.

3. VENDOR'S LIEN—ACCEPTANCE OF OTHER SECURITY—PRESUMPTION.—
The acceptance of personal security will not necessarily displace a
vendor's equitable lien, nor constitute a waiver thereof; but it does
raise a presumption of an intention to waive the lien on the land,
but this presumption may be rebutted by proof of a contrary intention.

4. PLEADING AND PRACTICE—REPLY TO ANSWER.—A reply to the answer,
is proper under the Code only when a counterclaim, or set-off is pleaded
in the answer.

Appeal from Searcy Chancery Court; *Ben F. Mc-
Mahan,* Chancellor; affirmed.

*S. W. Woods,* for appellant.

1. No contemporaneous oral contract or agreement
can be used to vary or contradict the terms or recitals of
a deed. 87 Ark. 283; 80 *Id.* 505; 20 *Id.* 293.

2. Gaines is not entitled to recover even if he sold
the lands, mill and other property to Abbott alone for
$800. He filed no answer or reply to the allegations of
Rainbolt's answer and for the purposes of this said alle-
gations are taken as true and need not be proven. Kirby
& Castle's Dig., § 7576; 41 Ark. 17; 88 *Id.* 406. Gaines
could not accept Rainbolt's money on the purchase price
of the lands and then repudiate the agreement. 10 R. C.
L., p. 694, § 22; 28 L. R. A. (N. S.) 637; 36 Ark. 96. He
had no lien for the purchase money of wagons, tools or
personal property. The payments should have been ap-
plied on the purchase money for the lands. While Abbott
was a defendant, his interests were adverse to appel-

lant's. His testimony as to transactions and conversations with Rainbolt should have been excluded. Kirby & Castle's Dig., § 3403; 43 Ark. 307; 53 *Id.* 550.

3. The findings of the chancellor are not supported by the evidence. The whole case is now before this court.

The appellee, *pro se.*

1. The lands were chargeable with an equitable vendor's lien, so long as they were in the hands of Abbott or those claiming under him with notice that all the purchase money had not been paid. 18 Ark. 142; 21 *Id.* 202; 29 *Id.* 357; 31 *Id.* 728. Oral testimony was admissible to show that a note given was for the purchase money of the lands, with all the buildings, machinery, etc., on them for $800.

2. Rainbolt's defense was that the lands only sold for $400 and the personal property for $300, etc. It was not necessary to reply or deny these allegations. The answer was evasive and did not positively show that he had notice of the lien. Nor did he show positively that he was an innocent purchaser. 29 Ark. 563. The evidence establishes every allegation in the complaint.

As to the competency of Abbott's testimony, 43 Ark. 307 is in point.

3. Appellant sets up no title; did not allege that he was an innocent purchaser for value and hence was entitled to no relief. The decree is right.

McCULLOCH, C. J. Appellee instituted this action in the chancery court of Searcy County against G. W. Abbott to recover the amount of a balance due on a promissory note alleged to have been executed by Abbott to appellee for the purchase price of a tract of land situated in that county. A vendor's lien on the land was asserted and there was a prayer in the complaint for the enforcement of the lien by a sale of the land. Appellant's intestate, I. L. Rainbolt, was made a party defendant under the allegation that he was a junior lienor in that he had accepted from Abbott a mortgage on the land, with full knowledge of appellant's prior lien. Abbott

made no defense, but Rainbolt appeared and defended on the ground that appellee was not entitled to a lien on the land. He alleged in his answer that the note exhibited with the complaint for the sum of $700, included $400 for the price of the land, and $300 balance due on the sale to one Carmody of a sawmill and other machinery situated on the land, and that Carmody signed the note as evidence of his liability. The deed executed by appellee to Abbott conveyed the land (120 acres) by proper description and recited the sum of $400 as consideration for the conveyance. The deed does not recite whether or not the consideration was in fact paid, and contains no reference to the note. Rainbolt died during the pendency of the cause in the court below and there was a revivor in the name of appellant as administrator of his estate. On final hearing the court decreed in appellee's favor for the recovery of the sum of $249.57, found to be balance due on the note, and decreed a foreclosure of the lien on the land.

The evidence adduced by appellee was to the effect that there was a sale of the land by appellee to Abbott and Carmody and that the sale included the sawmill outfit which was situated on the land, but that there was no sale of the sawmill separately from the sale of the land. Appellee owned the land with the sawmill situated thereon, and sold the whole thing to Abbott and Carmody. One hundred dollars of the purchase price was paid and Abbott and Carmody executed to appellee a promissory note for $700. The deed was executed subsequently and conveyed the land to Abbott alone. No question was raised in the suit about Carmody's rights in the land, except that it is claimed on the part of Rainbolt that he was separately the purchaser of the sawmill, but the testimony adduced by appellee was sufficient to justify a finding to the contrary.

We have, therefore, a finding of the chancellor upon testimony which appears to preponderate to the effect that the note of $700 executed by Abbott and Carmody

was for the purchase price of the land, which included the sawmill outfit as fixtures thereto.

(1-2)   The evidence adduced by appellee further shows that Rainbolt was fully advised of the fact that the note was given for the purchase price of the land, notwithstanding the recital in the deed of the consideration of $400 without mentioning the note, and that Rainbolt was advised of this fact at the time that he subsequently accepted the mortgage.   In other words, the testimony shows that Rainbolt was not an innocent purchaser, but had full knowledge of the fact that the balance of the purchase money on the land was unpaid.   A vendor of land has in equity a lien on the land for purchase money, although a deed in absolute form has been executed reciting a different amount paid as purchase price, and this lien is good as against the vendee, or any person purchasing with notice of the fact that the price has not been paid. *Scott* v. *Orbison,* 21 Ark. 202; *Holman* v. *Patterson's Heirs,* 29 Ark. 357.   It constitutes no violation of the rules of evidence for a vendor to be allowed to show that the price has not in fact been paid and that the amount is different from that recited in the deed.

The contention of Rainbolt that the price of the land was only $400 and that the balance of the amount of the note represented the price of the sawmill machinery sold to Carmody, was, as before stated, refuted by the testimony adduced by appellee.

(3)   There is a further contention by appellant that if Carmody was not separately a purchaser of the sawmill outfit, he must be treated as a surety on the note, and that the acceptance by appellee of security constituted a waiver of the lien.   The acceptance of personal security will not necessarily of itself displace the vendor's equitable lien, nor constitute a waiver of the lien.   It raises a presumption of an intention to waive the lien on the land, but the presumption may be rebutted by proof of a contrary intention. *Lavender* v. *Abbott,* 30 Ark. 172; *Mayes* v. *Hendry,* 33 Ark. 240; *Springfield & Memphis Rd. Co.* v. *Stewart,* 51 Ark. 285.

The evidence in the case shows abundantly that there was no intention to waive the lien. In fact, the evidence shows that there was no acceptance of security, as Carmody signed the note at the time that the purchase was made by him and Abbott, and that subsequently Carmody withdrew from the transaction and the deed was made to Abbott alone.

(4) It is further contended by appellant that appellee, on account of having failed to file a reply to the answer, ought to be treated as having admitted the allegations in the answer to the effect that the purchase money of the land was only $400, and that the balance of the note was for the purchase price of the sawmill plant as a separate purchase. A reply is proper under our Code only when there is a counterclaim or set-off pleaded in the answer. Kirby's Digest, § 6108.

There was neither a counterclaim nor set-off filed in this action, and the facts just referred to were pleaded by appellant's intestate is a defense to the cause of action set out in appellee's complaint. The decree is affirmed.

HUMPHREYS, J., disqualified.