## HOWARD v. HOWARD.

### Opinion delivered March 13, 1922.

1. REFORMATION OF INSTRUMENTS—SUFFICIENCY OF EVIDENCE.—Proof of a mutual mistake in description of land intended to be conveyed by a deed *held* to be "clear, unequivocal and decisive."

2. REFORMATION OF INSTRUMENTS—VOLUNTARY CONVEYANCES.—A voluntary conveyance will not be reformed.

3. REFORMATION OF INSTRUMENTS—VOLUNTARY CONVEYANCES.—A deed which recites a nominal consideration of one dollar and love and affection, so far as its recitals are concerned, appears to be a voluntary conveyance, within the rule that said conveyance will not be reformed.

4. EVIDENCE—PAROL PROOF OF CONSIDERATION OF DEED.—Though a deed attacked as a fraud upon creditors cannot be supported by proof of a consideration different from that expressed in the face of the deed, no rule of evidence is violated, in a suit by the grantee in a deed to reform it, by permitting such grantee, as against the grantor's heirs, to show that the deed, though apparently a voluntary conveyance, was in fact based on a valuable consideration different from that recited in the deed, such recital not being contractual in its nature.

Appeal from Union Chancery Court; *J. Y. Stevens,* Chancellor; affirmed.

*Patterson & Rector* and *Gaughan & Sifford,* for appellant.

The evidence is not sufficient to establish a resulting trust in D. C. Howard for the benefit of his wife, Frances C. Howard. 11 Ark. 82; 44 Ark. 365; 89 Ark. 186; 111 Ark. 49; 75 Ark. 452.

The deed from D. C. Howard to his wife should be regarded as a voluntary conveyance, notwithstanding the

recited consideration of one dollar. 98 N C. 426; 2 Am.
S. R. 342; 30 Miss. 91; 64 Am. Dec. 148; 8 Am. Dec. 152.
Since the consideration recited is merely nominal and was
not in fact paid, and love and affection is recited as the
consideration, the court would not be justified in changing
the nature of an instrument merely because a considera-
tion is recited. 23 R. C. L. secs. 38-39. pp. 344-4, notes
6 to 18.

A purely voluntary conveyance will not be reformed.
193 Mo. 421, 91 S. W. 1027; 15 Ark. 519; 80 Ark. 458;
127 Ark. 54.

The sums paid by Mrs. Howard either for purchase
price of land or toward cost of erecting house cannot be
treated as a valuable consideration for the execution of
the deed to her.

*Marsh & Marlin,* and *Jones & Head,* for appellee.

Where a valuable consideration is expressed in a
deed, it may not be contradicted where the effect of such
contradiction would be to avoid the instrument. 6 Ark.
109; 71 Ark. 494; 141 Ark. 93; 99 Ark. 350; 125 Ark. 441;
145 Ark. 310; 227 U. S. 101.

The deed was not voluntary. Any consideration
which will support a deed is sufficient for the purpose of
reformation. 23 R. C. L. sec. 39; 34 Cyc. 929; 58 Ind. 1;
110 Ga. 278; 108 Ind. 61, 9 N. E. 112. One dollar is
sufficient consideration to uphold a deed. 145 Ark. 310.

A meritorious consideration is sufficient to enlist the
aid of a court of equity for reformation. 6 Pom. Eq.
Rem. § 679, p. 1144; 23 R. C. L. § 40, p. 346; 34 Cyc. 947;
15 Ark. 519; 47 Am. Dec. 505; 47 N. J. Eq. 400; 10 S. E.
308; 39 S. W. 449; 91 S. W. 1027; 119 S. W. 414; 176
N. W. 42.

The deed was in the nature of a family settlement,
and based on a meritorious consideration, and therefore
capable of reformation. 4 Pom. Eq. Jur., § 1376, p.
2725; 2 Pom. Jur., § 781; 75 So. 770; 176 N. W. 43.

Even though the land be treated as a parol gift to
appellee, the fact that Capt. Howard and others re-

garded the land as belonging to his wife, and she held possession thereof, is sufficient ground for reforming the deed. 96 Ark. 609.

Appellant is estopped by reason of his urging and acquiescing in the sale of the land by appellee. 39 Ark. 131; 37 Ark. 47; 10 Ark. 211; 24 Ark. 371; 85 Ark. 163.

A resulting trust arose by reason of the purchase of the land by appellee and the fact that she furnished the money for the erection of the house. 98 Ark. 452; 40 Ark. 67; 79 Ark. 69.

McCULLOCH, C. J. This is an action instituted originally by Frances C. Howard, one of the appellees, against appellant and the other children and heirs at law of her deceased husband by a former marriage, to reform a deed conveying a certain tract of land in Union County. Appellant and the other defendants were non-residents of the State, and were summoned by warning order, and did not appear at the trial.

The action was begun in the year 1919, and at the September term, 1919, of the Union Chancery Court a final decree was rendered reforming the conveyance in accordance with the prayer of the complaint. Subsequently appellant purchased the interests of the other heirs, and then appeared in the chancery court and presented a petition asking that the decree be set aside and his defense allowed, and that upon a hearing of the cause the complaint be dismissed for want of equity.

The petition to set aside the decree was filed under the statute which provides that where a judgment has been rendered against a defendant constructively summoned and who did not appear, such defendant may at any time within two years after the rendition of the judgment appear in open court and move to have the action retried. Crawford & Moses' Digest, § 6266.

Appellant in his petition set up two defenses, viz: first, that no mistakes had been made in the description of the land; and second, that the conveyance sought to

be reformed was a voluntary one, without valuable consideration, and that under these circumstances a court of equity should not reform it.

Appellee, Mrs. Howard, then filed a supplemental complaint, in which she alleged that, while the deed sought to be reformed recited a consideration of one dollar and love and affection, there were other considerations, and that she had, in fact, furnished the funds with which her husband had originally purchased the land, and that a trust resulted from the transaction, notwithstanding the deed was made to her husband.

On the final hearing of the cause the petition of appellant was dismissed, and he has appealed to this court.

The effect of the court's final action was to sustain the original decree declaring the title to the land in controversy to be in the appellee, Mrs. Howard, and, regardless of the form, we must so treat it. If the decree was correct from any viewpoint of the pleadings and evidence, it should be affirmed.

The deed sought to be reformed was one executed by D. C. Howard, appellant's father, to the appellee, Mrs. Howard, who was his wife. D. C. Howard was married three times, and appellant and his brothers and sisters were the children of his second wife, who was the owner of a tract of land in Union County containing 160 acres. Appellant and the other children inherited this land on the death of their mother, but D. C. Howard continued to occupy it after his wife's death. About the year 1890, D. C. Howard and Frances C. Howard, appellee, intermarried, and in the year 1895 the tract of land in controversy, containing 20 acres and described as the W¼ of E½ of SE¼ of section 12, township 18 south, range 16 west, was purchased from one Hinson. This tract of land was unimproved and of small value, the price paid being $25 when Hinson conveyed it to D. C. Howard. It was adjoining the tract of land which appellant and the other children had inherited from their

mother, and which they had, after their mother's death, conveyed to their father. The tract in controversy was purchased from Hinson by Howard for the purpose of building his residence on it, and immediately after the purchase a dwelling house, costing $1,000 to $1,200, was erected. D. C. Howard and his last wife, appellee, occupied this house until Howard's death in the year 1917.

In September, 1912, the deed sought to be reformed in this action was executed by D. C. Howard to his wife, the appellee. It conveyed another tract of land containing 40 acres not involved in this controversy, and also a 20-acre tract described as the E½ of the E½ of the SE¼ of said section 12. It is alleged in the pleadings and in appellee's testimony that there was a mistake in the description and that it was intended to convey the W¼ of the E½ of the SE¼ of section 12, the tract purchased from Hinson.

About the time of the execution of this deed D. C. Howard made his will, in which he devised to appellant and the other children of his former wife, the tract of 160 acres, which the children had conveyed to him after the death of their mother.

Subsequent to the first decree, Mrs. Howard sold and conveyed the land in controversy to the other appellees, who afterwards were joined as parties to this action.

Mrs. Howard testified that when she married D. C. Howard she was a widow and had $100 in cash and a lot of cattle, which she turned over to her husband, and that the cattle were sold by her husband and the proceeds used. She testified that she furnished the sum of $25 with which the Hinson land was purchased, and that she also paid for the building of the house. She testified that her husband's deed to her was executed pursuant to a family settlement, in which it was agreed that he should convey the 20 acres of land in controversy to her as well as the other 40 not in controversy, and that the 160-

acre tract which he obtained from his children should be devised to them free of any claim of her own for dower or otherwise.

She testified that when the deed was made it was the intention of the parties that it should describe the land which had been purchased from Hinson, but that she did not ascertain until after her husband's death that a mistake had been made in the description.

Mr. Tatum, a justice of the peace, who prepared the deed, testified that he did so on Howard's request and at the latter's home on this particular land in controversy, and that Howard handed him the Hinson deed with instructions to copy the description from that deed, and that he intended to do so but made a mistake in copying the description.

The man who built the house on the land was a witness in the case, and testified that Mrs. Howard, the appellee, paid him $25 for building the house. There was other proof showing that the house cost about $1,000, and Howard himself had furnished the material that went into it.

Proof of the mistake in the deed of D. C. Howard to his wife, the appellee, and that it was intended to convey the tract purchased from Hinson, is "clear, unequivocal and decisive," as required by the rule so often announced by this court. *McGuigan* v. *Gaines,* 71 Ark. 614, and later cases. If therefore the deed of conveyance was of such a character as a court of equity should reform for the purpose of correcting mutual mistakes therein, the proof is abundant to justify the decree of reformation.

The contention of appellant is, however, that the deed was a voluntary conveyance and executed without valuable consideration, and they invoke the rule announced in the decision of this court that such a conveyance will not be reformed. *Dyer* v. *Bean,* 15 Ark. 519; *Smith* v. *Smith,* 80 Ark. 458; *Jackson* v. *Wolfe,* 127 Ark. 54.

Counsel on each side debate the question whether or not a deed of conveyance reciting a consideration merely of one dollar paid, and love and affection, is a voluntary conveyance for a nominal consideration, or whether it constitutes a valuable consideration. There seems to be some contrariety of opinion among the authorities cited, but, regardless of the conflict, our court has heretofore taken a position on the question and held that such recital merely constitutes a nominal consideration, and that a conveyance based thereon must be treated as voluntary. *Carmack* v. *Lovett,* 44 Ark. 180. Both sides cite the recent case of *Lawrence* v. *Mahoney,* 145 Ark. 310, as supporting their respective contentions. We held in that case that a gas and oil lease reciting a consideration of one dollar for a lease in an unexplored and unimproved field was based upon more than a nominal consideration which was sufficient to support the contract. The clear implication from that opinion is that the recital of a consideration of one dollar in an ordinary lease of land for the purpose of occupation and cultivation, or in a deed of conveyance of land, should be treated as a nominal consideration.

Our conclusion, therefore, is that, so far as the recitals of the deed are concerned, it appears to have been based upon a nominal consideration and was a voluntary one. But the testimony in this case shows by a clear preponderance that there were other considerations, of a valuable nature, for this conveyance, which were not recited in the deed. According to the preponderance of the evidence, Mrs. Howard paid the price for the purchase of the land from Hinson, and it was the intention of herself and her husband that the conveyance should be to her, and when her husband discovered, years later, that the Hinson conveyance was to himself, he sent for Tatum and caused the deed to be prepared in order to convey the title to his wife. The testimony is sufficient to show that Mrs. Howard paid for the building of the

house on the land, and that her husband made this conveyance in consideration of these facts.

Oral testimony is, we think, admissible to prove the real consideration so as to show that it was not a voluntary conveyance. This court has decided, it is true, that where a deed is attacked as a fraud against creditors it cannot be supported by showing a different consideration from that expressed in the face of the deed (*Galbreath, Stewart & Co.* v. *Cook,* 30 Ark. 417; *Carmack* v. *Lovett, supra,*) but that rule is not applicable to the present case. No attack is made on the validity of the conveyance itself, and the question is whether or not the party asking reformation is a purchaser for a valuable consideration so as to justify a reformation. We think that in such a case no rule of evidence is violated by permitting proof of other valuable considerations different from the nominal consideration recited in the deed, that recital not being contractual in its nature. *Magill Lumber Co.* v. *Lane-White Lbr. Co.,* 90 Ark. 426; *Carwell* v. *Dennis,* 101 Ark. 603; *Sims* v. *Best,* 140 Ark. 384.

A bare preponderance of the evidence is sufficient to prove such further consideration, for it is not a contradiction of the terms of the written instrument. *Magill Lbr. Co.* v. *Lane-White Lbr. Co., supra.*

Our conclusion is that the proof is not sufficient to meet the "clear, unequivocal and decisive" rule of evidence required to establish a resulting trust, but that, according to the preponderance of the evidence, there were other considerations for the deed which made it more than a nominal consideration, so that the grantee was in the position to ask a court of equity for a reformation of the deed. The proof concerning the mutual mistake is, as before stated, sufficiently "clear, unequivocal and decisive" to justify the decree of reformation.

The decree is therefore affirmed.