B. F. GOODRICH RUBBER COMPANY v. PRESLEY.

Opinion delivered June 12, 1922.

1. EXCEPTIONS, BILL OF—EFFECT OF STIPULATION.—Crawford & Moses' Dig., § 1323, provides that where the parties to an action agree upon the correctness of a bill of exceptions by indorsement signed by counsel of record, the clerk shall file such agreed bill, and it shall become a part of the record. In a transcript on appeal there was no entry designating any part of it as a bill of exceptions. Twelve days after the clerk had certified the transcript, a stipulation of counsel that the transcript was a complete transcript of the proceedings, and that same might be filed in the Supreme Court. *Held*, there being no compliance with § 1323, the stipulation does not embody the essentials of an agreed bill of exceptions.

2. APPEAL AND ERROR—NECESSITY OF BILL OF EXCEPTIONS.—Where errors complained of do not appear in the record proper, they can only be presented for review through a duly authenticated bill of exceptions, according to some one of the methods required by Crawford & Moses' Dig., §§ 1321-3.

Appeal from Pike Circuit Court; *James S. Steel*, Judge; affirmed.

*O. A. Featherston*, for appellant.

*W. T. Kidd*, for appellee.

WOOD, J. This is an appeal from a judgment in favor of the appellee against the appellant in the sum of $10.70. The action arose on an account filed by the appellant against the appellee before a justice of the peace. The appellant claimed that the appellee was due it the sum of $130.48 for automobile casings which the appellant had sold to the appellee. The appellee filed a cross-complaint and alleged that he had a contract with the appellant whereby the appellant guaranteed that its casings would run six thousand miles, and that all casings which did not run that distance the appellant would adjust the claim with the party who had purchased the casing from the appellee; that the appellant had appointed appellee its agent for the purpose of making these adjustments; that appellee had been purchasing casings from the appellant and making adjustments on defective casings since 1917, and that appellant was due the ap-

pellee the sum of $141.18. Trial was had in the court below before a jury and a verdict and adjustment rendered in favor of the appellee in the sum above mentioned.

The appellant contends that the court erred in not granting its prayer for instruction No. 1 for a directed verdict in its favor, and also in refusing certain other prayers of appellant for instructions and in modifying these instructions and giving them as modified, and also in giving appellee's prayers for instruction No. 1.

The appellee contends that these alleged errors cannot be reviewed here for the reason that there is no bill of exceptions setting forth the testimony and the purported instructions of the trial court upon the giving of which appellant predicates error. There is in the transcript what purports to be the proceedings had before the justice of the peace, resulting in a judgment from which an appeal was taken to the circuit court, and what purports to be the proceedings had in the circuit court, resulting in a judgment in that court in favor of the appellee in the sum above mentioned. The transcript contains a record of the judgment, the motion for new trial, the order of the court overruling the same, the prayer of appellant for an appeal, and the order granting the same. Then follows what purports to be the testimony that was adduced at the trial and the purported instructions, with an entry on the margin opposite each instruction purporting to show the ruling of the court on the prayers for instructions. Then follows a supersedeas bond, and the clerk concludes the record as follows: "Clerk's Certificate. State of Arkansas, County of Pike. I, Geo. W. Neal, clerk of the circuit court in and for the county and State aforesaid, do certify that the foregoing forty-six pages of typewriting contain a true and complete transcript of the records and proceedings in the circuit court of said county, in the cause therein stated. In testimony whereof, I have hereunto set my hand and affixed the seal of said court this 8th day of

November, 1921. (Signed) George W. Neal, Circuit Clerk.'' The seal of the clerk is attached to the certificate. Then follows the fee bill, with the certificate of the clerk showing the same to be correct. After the clerk's certificate and on the last page is the following: "It is agreed by and between O. A. Featherson, attorney for plaintiff, and W. T. Kidd, attorney for defendant, that the foregoing transcript is full and complete as the transcript of the proceedings had in the cause named in caption thereof, and that same may be filed by our consent and approval in the Supreme Court of Arkansas. This Nov. 12, 1921. (Signed) O. A. Featherson, Atty. for plaintiff. W. T. Kidd, Atty. for defendant.''

There is no bill of exceptions in the record signed by the trial judge, as required under the provisions of sec. 1321, C. & M. Digest. Nor is there any bill of exceptions established by bystanders under the provisions of sec. 1322, C. & M. Digest.

Sec. 1323 of C. & M. Digest provides as follows: "In all cases, except indictments charging a felony, where the parties to an action agree in writing upon the correctness of a bill of exceptions by indorsement thereon, signed by one or more counsel of record of the respective parties, it shall be the duty of the clerk of the court in which the case is pending to at once file such agreed bill of exceptions, and the same shall become a part of the record as fully, completely and effectively as though approved, signed and ordered filed by the order of the court or judge trying the cause. Provided, said bill of exceptions is filed within the time fixed by the court for filing the same."

There is no entry in the purported transcript of the proceedings designating any portion of the transcript as a bill of exceptions. It will be observed that the agreement signed by counsel for the plaintiff and the defendant does not comply with the requirements of sec. 1323 of C. & M. Digest, *supra,* providing for an agreed bills of exceptions. The purported agreement of counsel

was made twelve days after the clerk had completed the transcript of the record of the proceedings and certified thereto. The clerk does not certify that this agreement of counsel was filed and made a part of the record of the proceedings. There is nothing in the agreement to show that it designates any portion of the transcript of the record as a bill of exceptions and that the same was filed with the clerk of the court. See *Hodges* v. *Collison,* 116 Ark. 420. There is nothing in the agreement signed by the counsel for the parties, nor in the certificate of the clerk, to show that counsel for respective parties had agreed on what should enter into and constitute the bill of exceptions in the cause before the clerk had made up his transcript of the record. The agreement signed by the counsel, as we have stated, was after the clerk had made up the transcript, and the agreement was to the effect that the transcript was full and complete of the proceedings in the cause, and that the same might be filed in the Supreme Court. But this falls far short of being in compliance with the statute as held by this court in the case of *O. K. Houck Piano Co.* v. *Primm,* 112 Ark. 80, where we said: "The act approved April 28, 1911, does not contemplate that the parties may agree upon a bill of exceptions after the clerk has made the transcript and fixed his certificate thereto. It contemplates that the bill of exceptions shall first be agreed upon by counsel for the respective parties, and that then the agreed bill of exceptions should be filed by the clerk and thus become a part of the record in the case." The stipulation of counsel does not purport to show what objections, if any, were made to the rulings of the court concerning the admission or exclusion of testimony before the jury, nor what objections were made, if any, to the ruling of the trial court in granting or refusing prayers for instructions, nor what exceptions, if any, were preserved to the rulings of the court. The stipulation, therefore, does not embody essentials of an agreed bill of exceptions under the statute. *Barry* v. *White Drug*

*Co.* 109 Ark. 120. See also *Williams* v. *Griffith,* 101 Ark. 84.

The errors complained of do not appear in the record proper and can only be presented for review before this court through a duly authenticated bill of exceptions according to some one of the methods required by our statute, *supra.* See *Madison County* v. *Maples,* 103 Ark. 44; *Carnehan* v. *Parker,* 102 Ark. 439; *Huff* v. *Citizens' National Bank,* 99 Ark. 97. Since there was no bill of exceptions, it must be presumed that the rulings of the trial court were in all things correct, and the judgment must therefore be affirmed.