## MOON v. GILLIAM.

### 4-3024

Opinion delivered June 12, 1933.

*F. M. Pickens* and *J. N. Hout, Jr.,* for appellant.

*Hawthorne, Hawthorne & Wheatley* and *Erwin & Erwin,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment of the circuit court of Jackson County approving and allowing a claim of $3,725.88 against the estate of Joseph Leroy Moon, which had been presented to and allowed by the probate court of said county. The appellee herein was the mother and appellant the widow of the deceased.

In September, 1917, appellee executed a deed to deceased for certain real estate in Jackson County, in which she owned the dower and homestead right. The deceased owned the fee therein by inheritance from his father. The consideration recited in the deed was $1.

Appellee and other witnesses in her behalf testified that the real consideration for the deed was an oral agreement by the deceased to pay appellee $50 a month during her lifetime. The amount of the claim is based upon her expectancy according to the mortuary tables.

The testimony is conflicting as to what the real consideration was.

(1) The court found against appellant on this issue, and she is bound by the verdict unless the oral

testimony was inadmissible to establish the real consideration or contract. A deed cannot be defeated by evidence of this character, but oral evidence is admissible to show the entire contract or real consideration. *Davis* v. *Jernigan,* 71 Ark. 494, 76 S. W. 554; *St. Louis & North Arkansas Ry. Co.* v. *Crandall,* 75 Ark. 89, 86 S. W. 855; *Carwell* v. *Dennis,* 101 Ark. 603, 143 S. W. 135.

(2) Appellant contends, however, that, if such a contract was made, it was within the statute of frauds and void. This contention is contrary to the rule announced by this court in the case of *Hampton* v. *Caldwell,* 95 Ark. 387, 129 S. W. 816, in the following language:

"The death of the obligor within a year might have brought the contract to an end; therefore it might have been fully performed in a year."

Likewise, the contract in the instant case might have been performed within a year and does not come within the statute of frauds.

(3) Appellant also contends that reversible error was committed in allowing appellee to testify to statements made by deceased to her concerning the contract made the basis of her claim against the estate, and in support of the contention cites § 4144 of Crawford & Moses' Digest. An examination of the record discloses that the court sustained the objection made by appellant and excluded statements made by deceased to her. There was ample evidence to sustain the verdict without these statements. The verdict is warranted under the law and the evidence.

No error appearing, the judgment is affirmed.