LOLLIS *v.* LOLLIS.

4-3922

Opinion delivered June 24, 1935.

*Williams & Williams,* for appellants.

*Reynolds & Maze,* for appellee.

BUTLER, J. G. M. and J. C. Lollis filed a complaint in the Johnson Chancery Court against J. H. Lollis, as defendant. They alleged that they had conveyed certain lands by deed to the defendant for the purpose of enabling him to secure a loan on said lands for their benefit, with the understanding that, if the loan was not secured, he was to reconvey the lands to them; that said

loan had not been secured, and that defendant had failed and refused to reconvey the lands as agreed upon. The defendant answered denying the allegations of the complaint, and cross-complained, alleging that, at the time the deed was executed, the grantors were indebted to him in a large sum, offering to make reconveyance upon the payment thereof, and praying that, in the event they should fail to pay the debt, the title to the lands be quieted in him. Defendant further alleged that the recorder of deeds had inadvertently omitted from the record the north fractional half of northwest quarter of section 36, township 9 north, range 23 west, containing 74.44 acres, and that the plaintiffs, subsequent to the execution of their deed to him, had executed and delivered to L. A. Williams and W. J. Morrow, Jr., a mortgage by which the lands above mentioned were conveyed; that this mortgage was received by the said Williams and Morrow with full knowledge of the rights of defendant, and that same should be canceled as a cloud upon his title. Plaintiffs replied to the cross-complaint, alleging that the deed as originally executed was for the express consideration of one dollar and other valuable considerations, and that the lands embraced in said deed as originally drawn were two tracts, to-wit, the south fractional half of northwest quarter of section 36, and the southwest fractional quarter of section 36, all in township 9 north, range 23 west, containing 142 acres; that said deed had been fraudulently altered by changing the consideration to "nine thousand dollars," and by adding the north fractional half northwest quarter of section 36, township 9 north, range 23 west, containing 78 acres; that said alterations were made by the defendant, or with his connivance and knowledge, in order to exact from plaintiffs a greater sum than was due, and for the purpose of defeating the mortgage given Williams and Morrow. Further replying to the cross-complaint, plaintiff alleged that the sole purpose of the execution of the deed to the defendants was to secure a loan in order to pay their indebtedness to him, and that since the execution of the deed they had paid the entire indebtedness and a sum of $450 in excess thereof for which they prayed judgment.

Williams and Morrow intervened, alleging the execution of the mortgage to them, denying that they had any knowledge that the lands mortgaged to them had been previously conveyed to J. H. Lollis, and praying that their mortgage be declared paramount and superior to the title conveyed to the said J. H. Lollis. Prior to the filing of the reply to the cross-complaint, J. H. Lollis died, and the cause was revived in the name of his widow, heirs at law and personal representatives.

On the issues joined evidence by depositions was taken by the parties, and the cause was submitted to the court on the pleadings and evidence adduced. The court found that the deed executed to J. H. Lollis was, in fact, a mortgage given to secure an indebtedness existing and due him on the date of the deed, January 28, 1928, in the sum of $1,000, and that the lien thereof was superior and paramount to the interest of the said Williams and Morrow. Judgment was entered for the said $1,000 with interest thereon at the rate of 6 per cent. per annum from January 28, 1928, and the court ordered that, if the judgment be not paid within a time certain, the lands mentioned in the deed, to-wit, south fractional half of northwest quarter and southwest fractional quarter of section 36, 74.92 acres in first tract, 67.25 acres in second tract, and accretions thereunto belonging, and the north fractional half northwest fractional quarter, section 36, containing 78.44 acres, all in township 9 north, range 23 west, be sold to satisfy said judgment and decree. Plaintiffs and interveners have appealed, and defendants have prosecuted their cross-appeal.

Incidental to the main contention, the parties to the action present certain questions regarding the effect of the pleadings and the competency of some of the witnesses. These questions are unimportant, since it is our conclusion, after a careful examination of the competent and relevant testimony, the decree must be affirmed.

It was, and is, the contention of the appellants (plaintiffs) that the debt secured by the deed of January 28, 1928, has been settled and paid off, while the appellees contend that the chancellor erred in his finding that only $1,000 was the debt due, their contention being that

the evidence shows that it was not less than $3,600. The books of J. H. Lollis, deceased, were introduced in evidence which, it is contended, established the indebtedness due on January 28, 1928, at a sum in excess of $8,000. G. M. Lollis and J. C. Lollis admitted that $1,000 was due on that date, but testified that the same had been paid in various ways and in varying amounts.

From an examination of all the evidence as the same has been preserved in the record and presented to us, we are uncertain as to the true state of the account between G. M. and J. C. Lollis on the one hand, and J. H. Lollis on the other, but we are of the opinion that the conclusion reached by the trial court is not against the preponderance of the testimony, and it must therefore stand.

One of the principal contentions made by appellants (plaintiffs) is that there was a material alteration in the deed, and that this avoids the same. An examination of the original deed shows that the consideration was first written, "one dollar and other valuable considerations"; that this was partially erased and over it was written "nine thousand dollars." There is testimony to the effect that, when the deed was executed and delivered to J. H. Lollis, the consideration first written had not been erased, and the erasure and substitution was after the delivery and without the knowledge or consent of the grantors. The deed was prepared in the office of a local bank where there were two typewriters of different sized type. The person who wrote the deed used a printed form and filled in the blanks for the consideration and description of the property conveyed by using a typewriter. The type used to write the words "nine thousand dollars to us in hand," was different from that first used. The scrivener, who was the cashier of the bank, testified that he did not remember what consideration was put in the deed, but thought it was an even number of dollars, and that he did not remember about the change. There is no testimony tending to show by whom or when the change was actually made. This, however, is immaterial, for, if there was an alteration of the express consideration in the deed after its execution and

delivery, the same would not be a material alteration. The reason is that the consideration expressed in a deed is not conclusive, but may be contradicted or explained. At best it is but *prima facie* evidence of a fact which, if omitted from a deed, might be supplied by parol testimony, and does not affect the rights or liabilities of the parties. Therefore, it is competent to show by parol evidence that the amount of a consideration is different from that recited in the deed, and that the recital that, it had been paid, may be contradicted. If this were not true, then the deed, absolute on its face, could not be treated as a mortgage. Devlin on Real Estate, vol. 2, 3d ed., p. 1495 *et seq.; Lay* v. *Gaines,* 130 Ark. 167, 196 S. W. 919; *Lasker-Morris Bank & Trust Co.* v. *Jones,* 131 Ark. 576, 199 S. W. 900; *Sutton* v. *Sutton,* 141 Ark. 93, 216 S. W. 1052; *Wade* v. *Texarkana, etc., Ass'n,* 150 Ark. 99, 233 S. W. 937. Since, despite the alteration, the rights and liabilities of parties were not changed, there was no material alteration. *Woods* v. *Spann,* 190 Ark. 1085, 82 S. W. (2d) 850.

The evidence on behalf of the appellants (plaintiffs) was to the effect that only two tracts of land were described in the deed when executed and delivered to J. H. Lollis, and that the tract mortgaged to Williams and Morrow was not in the deed, but was inserted after its execution and delivery without the knowledge or consent of the grantees. All the witnesses who testified to this, had a direct interest in the result of the lawsuit, and their testimony was contradicted by the person who drafted the instrument who testified that the deed had not been altered with respect to the description of the property conveyed. We have not overlooked the contention made by appellants (plaintiffs) that there is a difference in the use of certain letters in writing the description of the first two tracts, and in writing the description of the third tract. We have examined the original deed having regard to the criticism made and conclude that it is not of sufficient merit to overturn the testimony given in support of its authenticity. In fact, we find from an inspection of the deed nothing of such an unusual nature as would overturn the finding of the trial judge.

The conclusion that the lien of the deed to J. H. Lollis was superior to that of the mortgage to Williams and Morrow implies the finding that the interveners had knowledge of the rights of J. H. Lollis in the lands mortgaged or of circumstances which would put them on inquiry. Contemporaneously with the execution of the deed, an agreement was signed by J. H. Lollis which recited that on the date named G. M. and J. C. Lollis had conveyed by deed "their farm in the Arkansas River bottom near Knoxville, Arkansas, consisting of about 225 acres," which was to be reconveyed to them "when they have cleared the indebtedness against them held by the said J. H. Lollis." The lands conveyed were not described further than that part of the agreement first quoted. Williams and Morrow testified that this agreement was in their possession, and they, of course, knew from it that G. M. and J. C. Lollis had deeded about 225 acres of land to J. H. Lollis. The three tracts lay parallel with each other, and constituted a single tract of land containing in the aggregate approximately the number of acres named in the contemporaneous agreement, whereas the first two tracts contained approximately 144 acres. Williams and Morrow testified that when they were about to take the mortgage they examined the record, and found only two tracts named in it, but that the 78-acre tract would be required to make the 225 acres. This was sufficient to put them on inquiry which, if pursued with ordinary diligence and understanding, would have given them knowledge of the true facts and constitutes notice. *Waller* v. *Dansby,* 145 Ark. 306, 224 S. W. 615; *Shoptaw* v. *Sewell,* 185 Ark. 812, 49 S. W. (2d) 601.

The decree of the trial court, both on appeal and cross-appeal, is affirmed.