SEWELL *v.* HARKEY.

4-7097                                                    174 S. W. 2d 113

Opinion delivered June 28, 1943.

*Oliver Moore,* for appellant.

*Caudle & White,* for appellee.

ROBINS, J. Appellee sued appellants before a justice of the peace for $122 balance alleged to be due for purchase money of certain lands. From an adverse judgment appellants appealed to the circuit court where the case was tried before the court sitting as a jury and

appellee was awarded a like judgment, for reversal of which this appeal is prosecuted.

The judgment of the lower court recites that the cause was heard upon "the testimony of witnesses," and, while the court, in the order overruling motion for new trial, granted appellants 90 days within which to file bill of exceptions, no bill of exceptions was ever filed and the testimony heard by the lower court is not brought into the record in any manner.

Appellants at the time of the trial made no request for any findings of law or fact, but the day after the judgment was rendered they requested findings of fact by the lower court. There is contained in the record what purports to be a copy of such findings, signed by the judge, dated thirteen days after the rendition of the judgment. This document does not constitute any part of the record in this case and for that reason can not be considered by us.

In the case of *Globe & Rutgers Fire Insurance Company* v. *Pruitt,* 188 Ark. 92, 64 S. W. 2d 91, this court said: "The statute contemplates that these findings shall be made upon the trial, or during it, and a request made thirteen days after the trial was not in apt time."

To the same effect is the opinion in the case of *Bradley* v. *Harkey,* 59 Ark. 178, 26 S. W. 827, where it was said: "An instrument of writing, signed by the judge, appears in the transcript, which purports to be conclusions of law and facts found by the court. . . . Appellants rely for reversal on the writing purporting to be conclusions of law and facts found by the court. Was it a part of the record? It has been held by this court that, without a bill of exceptions, the conclusions of law found by the court are no part of the record. *Hall* v. *Bonville,* 36 Ark. 491. For the same reason the findings of facts by the court should be brought on record by a bill of exceptions, both being required of the court, sitting as a jury, by the same statute. . . . There is no entry on the record showing the filing of any conclusions of law and fact in this case, and if any were

filed, they were not in any way made a part of the judgment.''.

In the case of *Gibson* v. *Williams* (headnote 2), 22 Ark. 224, it was held: ''.Spreading·upon the record the reasons for a judgment of the court below sitting as a jury will not supply the want of a bill of exceptions—the judgment will alone be looked to, and the reasons disregarded as surplusage.''

The following rule, announced by Mr. Justice WOOD, in the case of *B. F. Goodrich Rubber Company* v. *Presley*, 154 Ark. 151, 241 S. W. 891, is controlling here: ''The errors complained of do not appear in the record proper and can only be presented for review before this court through a duly authenticated bill of exceptions according to some one of the methods required by our statute, *supra*. See *Madison County* v. *Maples*, 103 Ark. 44, 145 S. W. 887; *Carnehan* v. *Parker*, 102 Ark. 439, 144 S. W. 907; *Huff* v. *Citizens' National Bank*, 99 Ark. 97, 137 S. W. 802. Since there was no bill of exceptions, it must be presumed that the rulings of the trial court were in all things correct, and the judgment must therefore be affirmed.''

It conclusively appears that the matter in litigation herein was within the jurisdiction of the lower court, and, since the record does not disclose any error in the proceedings had therein, the judgment appealed from must be affirmed.

---

ROBINS, J. (on rehearing). It is earnestly urged by counsel for appellant that, even though there is no bill of exceptions in the transcript, still error was shown in the record because it appears therefrom that the lower court, in awarding judgment in favor of appellee, necessarily relied on oral testimony offered to contradict the terms of the deed (executed by appellee to appellant, Annie Quinn Sewell) as to the consideration. This deed recites that the consideration thereof was ''the sum of $2 to us in hand paid,'' and the lower court permitted oral testimony to be introduced to show that $2 was not

the true consideration, and that there was a balance thereof remaining unpaid.

We have many times held that parol testimony is admissible to show the real consideration of a deed is different from that set forth in the deed and also to show that the consideration has not been paid, even though the deed may recite payment thereof. In the case of *Lay* v. *Gaines,* 130 Ark. 169, 196 S. W. 919, the lower court had given judgment for a vendor, based on oral testimony to the effect that the consideration recited in the deed was not the true consideration. In affirming the judgment of the lower court this court said: "It constitutes no violation of the rules of evidence for a vendor to be allowed to show that the price has not in fact been paid and that the amount is different from that recited in the deed."

In the case of *Lollis* v. *Lollis,* 191 Ark. 199, 85 S. W. 2d 732, this court held (headnote): "Parol evidence is competent to show the amount of consideration for a deed is different from that recited therein and to contradict the recital of payment thereof." Other cases in which the same rule is announced are: *Barnett* v. *Hughey,* 54 Ark. 195, 15 S. W. 454; *Davis* v. *Jernigan,* 71 Ark. 494, 76 S. W. 554; *Mewes* v. *Mewes,* 116 Ark. 155, 172 S. W. 853; *St. Louis & North Arkansas Railroad Company.* v. *Crandell,* 75 Ark. 89, 86 S. W. 855, 112 Am. St. Rep. 42; *Morton* v. *Morton,* 82 Ark. 492, 102 S. W. 213; *Bass* v. *Starnes,* 108 Ark. 357, 158 S. W. 136; *Hockaday* v. *Warmack,* 121 Ark. 518, 182 S. W. 263; *Wade* v. *Texarkana Building & Loan Association,* 150 Ark. 99, 233 S. W. 937; *Howard* v. *Howard,* 152 Ark. 387, 238 S. W. 604; *Whitlock* v. *Barham & Duncan,* 172 Ark. 198, 288 S. W. 4; *Moncrief* v. *Miller,* 178 Ark. 1069, 14 S. W. 2d 227; *Moon* v. *Gilliam,* 187 Ark. 581, 61 S. W. 2d 64, and *Rowland* v. *Ward,* 178 Ark. 851, 12 S. W. 2d 785. The lower court did not err in permitting the introduction of oral testimony to vary the recitals of the deed as to the consideration, and as to the payment thereof.

The petition for rehearing is overruled.